**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John DEVINE, Defendant-Appellant.**

**No. 84–3183.**

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 1985.

Decided July 25, 1985.

Edward M. Genson, Genson & Steinback, Chicago, Ill., for plaintiff-appellee.

Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, and BAUER, WOOD, CUDAHY, ESCHBACH, POSNER, COFFEY, FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

This motion by the defendant in a federal criminal matter (appellant in this court) to file an oversized brief presents a recurrent problem on which authoritative guidance is necessary. The brief, which was submitted shortly after the motion was filed, is 63 pages long, which is 13 pages over the 50-page limit set by Rule 28(g) of the Federal Rules of Appellate Procedure. Although Rule 28(g) allows the court of appeals to waive the page limitation, see also 7th Circuit Rule 9(h), this court's very heavy workload makes us reluctant to grant such waivers. As the Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit (1984 ed.), issued by this court, explains, "verbiage is looked upon with great disfavor by the Seventh Circuit. Briefs should be kept as short as is reasonably possible." *Id.* at 3. The 50-page limitation is a ceiling, not a floor, and a ceiling we rarely allow to be pierced. As the Handbook also states, motions to file oversized briefs "are not favored, ... and will be granted only when exceptional circumstances are shown.... The amount of reading required of judges in preparation for oral argument is constantly increasing. As a result the court favors concise briefs, and counsel should never anticipate the court's granting leave to file an oversized brief." *Id.* at 47.

The appellant's brief in this case presents six issues. However, 32 pages are devoted to a single issue: whether the district court should have excluded evidence by a linguist about the accuracy of tape recordings that the government used as evidence against the appellant. The issue could be fully discussed in much less space. Furthermore, 17 pages are devoted to the state-

ment of facts. The statement is so long only because the appellant has disregarded the admonition in the Handbook that "the statement should be a narrative chronological summary, rather than a digest or abstract of what each witness said." *Id.* at 41. The appellant's brief is not a narrative chronological summary but a series of digests of each witness's testimony. This is an inefficient and uninformative, as well as bulky, method of presenting the facts; as the Handbook states, it should be avoided.

The brief is too long. It could be compressed to 50 pages—probably to well under 50 pages. And the appellant disregarded another admonition in the Handbook: "do not put an oversized brief in final form, whether by printing or any other form of reproduction, unless the court's permission to file such a brief has already been sought and granted." *Id.* at 47. A party should not attempt to present us with a *fait accompli* by submitting an oversized brief before his motion for leave to file such a brief has been acted on, as was done here. Such a procedure could impose on the lawyer or his client the additional expense of printing or otherwise reproducing the brief, shortened to 50 pages, anew.

Although we would clearly be justified in denying the appellant's motion to file an oversized brief, we have decided not to do that, in view of the fact that this court's enforcement of the rules relating to oversized briefs has not always been consistent and that the violations in this case, although clear, are not flagrant. The purpose of this opinion is to serve notice on the bar that the court intends to enforce the rules strictly, insisting that an oversized brief not be filed before the motion to file such a brief is granted and denying such motions in all but truly exceptional circumstances. The burden of reading oversized briefs has become a serious one in this age of swollen caseloads, and the court expects the bar to cooperate in reducing the burden.

MOTION GRANTED.