Robert G. **FLEMING**, Plaintiff–Appellee,

v.

**COUNTY OF KANE, STATE of ILLINOIS, and Nabi R. Fakroddin,**
**Defendants–Appellants.**

**No. 88–2385.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 8, 1988.
Decided Aug. 26, 1988.

Gerald B. Gallagher, Gallagher & Joslyn, Oakbrook, Ill., for defendants-appellants.

Steven B. Adams, Fawell, James & Brooks, Naperville, Ill., for plaintiff-appellee.

Before CUMMINGS, POSNER and MANION, Circuit Judges.

PER CURIAM.

Appellants have filed a motion seeking leave to file an oversize brief. We deny the motion and take this opportunity to reemphasize the importance of compliance with Fed.R.App.P. 28(g) and 32(a), as well as Circuit Rule 28(g).

■ Leave to file a brief in excess of the allowed fifty pages should only be sought in exceptional circumstances. *United States v. Devine*, 768 F.2d 210 (7th Cir. 1985) (*en banc*) (noting that "[t]he 50–page limitation is a ceiling, not a floor, and a ceiling we rarely allow to be pierced"). Page limitations are important, not merely to regulate the Court's workload, *id.*, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage. The fifty-page limit "induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480 (7th Cir.1986). As in the instant appeal, litigants frequently assert the necessity of additional pages to represent their clients adequately. Overly long briefs, however, may actually hurt a party's case, making it "far more likely that meritorious arguments will be lost amid the mass of detail." *United States v. Keplinger*, 776 F.2d 678, 683 (7th Cir.1985). The Court, therefore, looks with disfavor on motions for leave to file an oversize brief. *Devine*, 768 F.2d at 210; *Prudential Ins. Co. v.*

*Sipula,* 776 F.2d 157, 161 n. 1 (7th Cir. 1985).

■ Litigants who file briefs of more than fifty pages without seeking leave of court should beware. It is more difficult to obtain forgiveness than permission; therefore, parties should not attempt to evade the space limitations of our Rule 28(g) and Fed.R.App.P. 32(a) without filing a motion for leave to file an oversize brief.

■ For example, parties should try not to circumvent the fifty-page limit by using Roman numerals for such sections of the brief as questions presented, or statement of the case. "The rules limit to 50 the number of pages allowed ... which means *total* pages after the table of contents, not just pages with Arabic numerals." *Morgan,* 797 F.2d at 480. All elements of the brief, with the exception of the table of contents and table of authorities, must fit within fifty pages. Fed.R.App.P. 28(g).

■ Second, parties should not adopt briefs previously filed in support of motions at the district court level. *Prudential Ins. Co.,* 776 F.2d at 161 n. 1. In *Prudential,* defendant Sipula wrote in his brief that he was adopting and incorporating by reference briefs filed in the district court. We strongly disapproved of this practice, which, because it resulted in a composite brief in excess of fifty pages, violated Fed.R.App.P. 28(g). This practice also "unnecessarily confuses and diffuses the issues presented," 776 F.2d at 161, because of the changes in the nature of the issues that inevitably occur between trial and appeal.

■ Third, litigants should not attempt to hide excess text in either an appendix or in footnotes. In *United States v. Mazzone,* 782 F.2d 757, 765 (7th Cir.1986), we admonished counsel for placing a portion of their statement of facts in a separately-paginated appendix. In *Westinghouse Elec. Corp. v. NLRB,* 809 F.2d 419, 425 (7th Cir.1987), counsel filed, and we denied, a motion to file a brief in excess of fifty pages. Undeterred, petitioner's counsel violated Fed.R.App.P. 28(g) in filing a brief that was the equivalent of seventy double-spaced pages by disregarding the spacing, margin and typeface requirements of Fed.R.App.P. 32(a). The Court detected this maneuver and ordered Westinghouse to resubmit a brief in conformance with both rules. Instead, petitioner's counsel merely moved enough text into single-spaced footnotes to leave essentially the same amount of excess verbiage in their brief. Ultimately, we imposed a sanction of $1,000.00 on petitioner's counsel.

■ In those rare cases where litigants truly require additional space, the proper procedure is straightforward. A party should seek leave of court, as was done in this case, well in advance of the due date of the brief. Appellants' brief is due on August 30, 1988, and their motion was timely filed on August 8, 1988. Appellants have thus followed the dictates of *Devine,* which cautions that "[a] party should not attempt to present us with a *fait accompli* by submitting an oversize brief before his motion for leave to file such a brief has been acted on." *Devine,* 768 F.2d at 211. *See also* Circuit Rule 28(g) (stating that the motion "shall be presented well before the date the brief is due").

Equally important, a motion for leave to file an oversize brief must demonstrate the complexity of issues on appeal that justify the request and should request a specific number of pages. For example, an appellee should not request additional pages merely because the appellant successfully received permission to do so. Such "me-too" requests, if unaccompanied by independent analysis, will be denied. The appellee generally does not need to present an extensive statement of the facts and also has the benefit of the opinion below.

■ In the instant matter, appellants state that the issues are complex and attach an affidavit of counsel and documents from the district court in support of this claim. This argument is inadequate. Although the affidavit provides more detail than the motion, counsel offers no discussion of the issues. We will not sift through district court pleadings or orders to determine whether the issues merit additional

pages. As a practical matter, without the benefit of a discussion of the issues that counsel intends to raise on appeal, the Court has no way of knowing what parts of the district court's orders will be contested on appeal. Instead, parties should provide the analysis and must persuade the Court that a brief in excess of fifty pages is necessary.[1]

Because of the absence of such discussion of the issues, appellants' motion is DENIED.

---

1. It should also be noted that the Court is more receptive to requests for additional time to allow litigants to hone and refine their arguments so as to file conforming briefs than to motions to file oversize briefs. A motion for extension of time should be filed five business days before the due date of the brief. *See* Circuit Rule 26.