EDC, INC., et al., Plaintiffs–Appellants,

v.

NAVISTAR INTERNATIONAL TRANS-PORTATION CORP., et al., Defendants–Appellees.

No. 89–2431.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 29, 1990.

Decided Sept. 24, 1990.

On Order to Show Cause Oct. 11, 1990.

---

Philip S. Beck, Chaim T. Kiffel, David J. Zott, Donald G. Kempf, Jr., David M. Elston, Kirkland & Ellis, Chicago, Ill., Robert W. Booth, Chicago, Ill., for defendants-appellees.

Richard N. Golding, Lord, Bissell & Brook, John P. Crowley, Matthew F. Kennelly, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Chicago, Ill., Lee A. Watson, Steven L. Bashwiner, C. Elizabeth McCarty, Mary Ellen Hennessy, Helen C. Lucas, Katten, Muchin & Zavis, Chicago, Ill., Malcolm M. Gaynor, David P. Leibowitz, Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., Thomas H. Geoghegan, Leon M. Despres, Despres, Schwartz & Geoghegan, Chicago, Ill., Lawrence Fisher, Paul Homer, Friedman & Koven, Chicago, Ill., for plaintiffs-appellants.

Leonard Grossman, Dept. of Labor, Chicago, Ill., Carol Connor Flowe, Israel Goldowitz, Melinda Tell Lazare, Pension Benefit Guar. Corp., Legal Dept., George R. Clark, William O. Bittman, Reed, Smith, Shaw & McClay, Washington, D.C., for Pension Benefit Guar. Corp. amicus curiae.

### ON MOTION FOR LEAVE TO FILE BRIEF INSTANTER

EASTERBROOK, Circuit Judge.

More than a year ago EDC and other firms took an appeal from the adverse disposition of an adversary proceeding in their bankruptcies. Briefing was held in abeyance for a time. When appellants (collectively EDC) proclaimed readiness to proceed, they were given until June 14, 1990, to file a brief. EDC received extensions until July 13 and then August 13, the second order providing that no further extensions would be granted.

On August 1 EDC filed a motion asking for leave to file a brief of 150 pages, three times the length allowed by Fed.R.App.P. 28(g). Such motions are rarely granted, *United States v. Devine*, 768 F.2d 210 (7th Cir.1985) (in banc), and Judge Coffey denied this one. On August 13 EDC filed a 98–page brief together with a renewed motion to exceed the page limitations. EDC's request came to me as the motions judge, and I denied it on the ground that the argument could be presented with considerably greater economy. The statement of facts was bloated and argumentative, the brief larded with subsidiary arguments that on a quick reading appeared unnecessary. I granted EDC's motion in part, however, allowing it 65 pages and extending until August 24 the time within which to file the brief.

At the close of business on August 24, EDC presented to the clerk's office a brief 62 pages long. Unlike its 98–page predecessor, this brief did not comply with the requirement of Circuit Rule 32 that all briefs other than those prepared by "standard typographical printing" be composed in "pica non-proportional type". Pica is a 10 pitch type (that is, 10 characters per inch); EDC's brief had 11 characters per inch, although the brief tendered on August 13 had only 10. EDC compressed the type vertically as well as horizontally, yielding as many as 31 lines per page, although double-spaced pica type complying with Rule 32 produces only 27 or 28. It was apparent that EDC had played typographical tricks to squeeze into the brief more words than my order allowed. Had EDC set the brief in compliance with Circuit Rule 32, it would have been approximately 73¼ pages. I rejected the brief and instructed EDC that any further submission must be accompanied by an explanation why sanctions should not be imposed under *Westinghouse Electric Corp. v. NLRB*, 809 F.2d 419 (7th Cir.1987).

EDC filed another brief on August 29, this time 53 pages and in compliance with Circuit Rule 32, accompanied by a motion for leave to file instanter. EDC explained that it had altered the type size and pitch in the previous brief in a way that it believed complied with Fed.R.App.P. 32(a), which al-

lows briefs to be set in 11 point type. "Points" denote the height of type and "pitch" the width of the characters. As for Circuit Rule 32, Steven L. Bashwiner, EDC's lead counsel, filed an affidavit stating: "Prior to August 24, 1990, Affiant was unaware of Circuit Rule 32."

Circuit Rule 32 has been in force since January 1, 1990. I would have expected anyone whose brief had been rejected to take extra care to comply with the circuit's rules. Eleven pitch type is mid-way between pica (10 pitch) and elite (12 pitch). You need a computer and laser printer to produce such type. Before filing a brief in a homemade size, counsel must brush up on the rules. Mr. Bashwiner does not explain how he missed Circuit Rule 32. More intriguing, he does not say whether his juniors were unaware of Circuit Rule 32. Three other lawyers of Katten Muchin & Zavis signed the brief for EDC, and none of them has filed an affidavit.

Appellees oppose EDC's motion for leave to file instanter. Counsel for Navistar writes that, because he feared that EDC would try to get 'round my order, he furnished EDC's lawyers with citations to *Devine, Westinghouse,* and other cases before they filed their ill-fated second brief. This memorandum also wonders out loud whether the lawyers other than Mr. Bashwiner who signed EDC's brief had greater knowledge concerning Circuit Rule 32. As Navistar puts it, "No one makes a conscious choice to use an oddball type size without consulting the local rules."

In *Westinghouse* an attempt to evade a page limitation set by order of this court led to a sanction of $1,000. We remarked that "counsel [must] respond to our orders by complying rather than seeking ways to evade them." 809 F.2d at 425. EDC's 98–page brief was set in pica type, complying with Circuit Rule 32. When I limited EDC to 65 pages, it shifted to a non-complying size. This alteration, coupled with silence in response to appellees' papers, implies that Katten Muchin & Zavis as an institution had greater knowledge of this court's rules than did Mr. Bashwiner.

One who seeks leave to file a brief instanter must demonstrate good cause. EDC has not; the understanding most favorable to EDC is that it neglected Circuit Rule 32. Although a plausible misinterpretation of a rule may furnish good cause, ignorance of the rule does not. *Redfield v. Continental Casualty Corp.,* 818 F.2d 596, 602 (7th Cir.1987); see also *Lorenzen v. Employees Retirement Plan,* 896 F.2d 228, 232 (7th Cir.1990). I have my doubts, moreover, whether "neglect" best describes what happened. Game-playing wastes the time of this court, time increasingly scarce as our docket grows at a rate exceeding 10% per year. This is the *fourth* order a judge has had to enter addressing EDC's effort to exceed the 50 page limit for appellate briefs. Warnings such as *Westinghouse* serve little purpose if followed up only by further warnings. Now is the time for action. The motion for leave to file instanter is denied. The clerk will issue an order under Circuit Rule 31(c)(2) requiring counsel for EDC to show cause why the appeal should not be dismissed. See also Fed.R.App.P. 31(c).

## ON ORDER TO SHOW CAUSE

My order of September 24 denied appellants' motion for leave to file a brief instanter and required them to show cause why the appeal should not be dismissed. Appellants (collectively EDC) got into trouble by setting a "typewritten" brief in 11 point, 11 pitch type, shoehorning into the paper more words than Circuit Rule 32 allows. Affidavits of Mary Ellen Hennessy and Martha E. O'Hara filed with the response to the order to show cause explain how this came about. Ms. Hennessy, a partner at Katten Muchin & Zavis, was principally responsible for shortening EDC's brief to comply with the 65–page limit set by my order. She also wanted to use as much of the argument from the original 98–page brief as she could. She learned that Fed.R.App.P. 32(a) allows 11 point type, and she asked Ms. O'Hara, one of the firm's litigation secretaries, to inquire of the clerk's office whether 11 point, 11 pitch type is acceptable. The clerk's office replied that it is,

without mentioning Circuit Rule 32, and the firm filed the brief.

■ The advice was in error, one unlikely to be repeated. Laser printers and other typesetters have spread through law firms, leaving lawyers and their staffs to make decisions formerly in the hands of professional printers. This creates an opportunity to play games with type; it also causes confusion among those who seek in good faith to comply with the rules. Recently the court has begun distributing to counsel, on docketing an appeal, an explanation of Fed.R.App.P. 32 and Circuit Rule 32 demonstrating the differences between type allowed in briefs prepared by "standard typographical printing" and type allowed in other briefs. Carefully drafted advice about the rules will greatly reduce the risk of inadvertence at law firms and of oral miscues at the court.

We began distributing the explanation of printing terms after EDC submitted its second brief on August 24. Uncertainty about the meaning of these terms both at Katten Muchin & Zavis and within the court appears to account for the difficulty in this case. It is not too late to set it back on track. An error after prudent inquiry with the clerk's office is not one for which any sanction is appropriate. The order to show cause is accordingly discharged. On reconsideration, I grant the motion for leave to file instanter. EDC's brief is deemed filed as of today; further briefing will proceed accordingly.