Cynthia A. SMITH, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 90–926.

United States Court of Veterans Appeals.

Sept. 27, 1991.

Before KRAMER, MANKIN and IVERS, Associate Judges.

## ORDER

The parties argued this case telephonically before a panel of the Court on August 29, 1991. In the course of argument, the Secretary called the attention of the Court to provisions of military law, not mentioned in his brief, which he argued were relevant to the issues on appeal. The Secretary volunteered to furnish the Court with copies of such provisions, and the Court indicated that such a supplemental filing would be accepted.

On September 3, 1991, the Secretary submitted to the Court a document styled "Errata to Appellee's Brief." In function, this submission consists of two parts. In the first, the Secretary purported to amend his brief by revising four of its passages. These proposed amendments were apparently intended to result in a brief that would be more consistent with the thrust of the Secretary's oral argument. In the second part, the Secretary attached Department of the Navy JAGINST 5800.7B CH–6, together with revised page 8–7 of the *Manual of the Judge Advocate General* and other supporting material.

On September 13, 1991, the Secretary filed a motion for leave to file his so-called "Errata" which he had filed ten days earlier. Also on September 13, the appellant filed a motion to strike the Secretary's "Errata." The Court now considers both motions.

This Court has adopted Rules of Practice and Procedure under the authority of 38 U.S.C. § 7264(a) (formerly § 4064(a)). The submission of briefs is governed by U.S.Vet.App.Rules 28–32. The Secretary has not cited, nor is the Court aware of, any rule of this Court or any generally accepted appellate procedure that would permit a party to amend his brief as a matter of right. Any such amendment offered after oral argument, as in this case, is technically in violation of U.S.Vet.App. Rules 31(a) ("except for good cause shown, any brief must be filed at least 3 days before argument") and 28(c) ("No further briefs may be filed except with the Court's permission"). Under U.S.Vet.App.R. 1, the Court has no obligation to entertain the Secretary's proposed "Errata" ("These rules govern practice and procedure before this Court....").

In promulgating its rules, however, this Court has reserved the authority to "suspend the application of any of these rules in a particular case" for "good cause shown." U.S.Vet.App.R. 2. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17, 108 S.Ct. 2405, 2408–09, 101 L.Ed.2d 285 (1988) ("if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires"); 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 202.02[2] n. 4 (2d ed. 1990) ("a motion by an appellee to be excused for failure to comply with the rules might be looked upon as a motion under [Fed.R.App.P.] 2"). To amend his brief, the Secretary must first obtain the Court's permission. U.S.Vet.App.R. 28(c). *See also* 5 C.J.S. *Appeal & Error* § 1334 (1958) ("In the absence of a statute or rule providing otherwise, the appellate court may, in its discretion, permit the filing of amendments to the brief....").

Here, the Secretary first filed his purported "Errata" and then, having done so, belatedly sought the court's permission to file it. The Court views with disfavor the Secretary's attempt to rewrite its rules of procedure, and reminds the Secretary that "[i]t is more difficult to obtain forgiveness than permission." *Fleming v. County of Kane*, 855 F.2d 496, 498 (7th Cir.1988). In these circumstances, the Court is inclined to grant neither.

The Court views the first portion of the Secretary's submission of September 3, which he designated as "Errata," as an attempt to file a post-argument supplemen-

tal brief. The term "errata" is defined as "a list of errors with their corrections, inserted on a separate page of a published work." Webster's New World Dictionary of American English 462 (3rd C. ed. 1988); it is the plural of "erratum," defined as "an error discovered in a work already printed." *Ibid.* The term "error" has several definitions, among them "the state of believing what is untrue, incorrect, or wrong," and "something incorrectly done through ignorance or carelessness; mistake." *Ibid.* It would thus appear that the term "errata" may encompass errors of substance as well as mere technical or typographical errors. In the context of this discussion, however, the nature of the alleged errors is significant.

It is entirely foreseeable that this Court, in appropriate circumstances, might permit a party to submit technical corrections to a brief, motion, or other previously filed document. Such corrections may be helpful to the Court. Here, the amendments proposed by the Secretary's so-called "Errata" were clearly intended to make substantive changes in his brief, thus modifying his argument. It is true, of course, that under U.S.Vet.App.R. 28(h) the Secretary is free to advise the Court of additional "pertinent and significant authorities" by way of letter to the Clerk and the appellant. Rule 28(h) goes on to state, however, that such authorities are to be cited "without argument." In the Court's view, the Secretary's proposed revisions constitute argument which is not permissible at this stage of the proceeding, absent exceptional circumstances. *Cf. Braley v. Campbell,* 832 F.2d 1504 (10th Cir.1987) (appellant's attorney violated Federal Rules of Appellate Procedure by making additional arguments in letters ostensibly providing court with additional authorities); *Palmer v. City of Chicago,* 806 F.2d 1316, 1324 (7th Cir.1986), *cert. denied* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987) (plaintiff's post-argument letter to court commenting on case cited by defendant constituted unauthorized brief); *Friedman v. Village of Skokie,* 763 F.2d 236, 239 (7th Cir.1985) (plaintiff's attempt to substantively amend complaint by filing "Errata Sheet" held ineffective).

Accordingly, the Secretary's Motion for Leave to File Errata to Brief is DENIED. The Court deems the documents which the Secretary has designated as "Attachment II" to be those which he was previously granted oral permission to submit, and accepts them for consideration. With respect to the remainder of the Secretary's submission of September 3, 1991, the appellant's Motion to Strike "Errata to Appellee's Brief" is GRANTED. The Clerk is directed to strike all pages of the Secretary's submission of September 3, 1991, from the record, with the exception of Attachment II, and return all copies of the stricken pages to the Secretary.