64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Phillip CYPRIAN, Plaintiff-Appellant,
v.
UNITED STEELWORKERS OF AMERICA, AFL-CIO, and Steelworkers
Local Union 1014, Defendants-Appellees.
 
 No. 95-2174.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.
Decided Aug. 10, 1995.
 Before EASTERBROOK, KANNE and ROVNER, Circuit Judges.
 
 Order
 
 1
 Phillip Cyprian believed that his union breached its duty of fair representation in the handling of a grievance. By consent of the parties, a magistrate judge held a trial, made findings, and entered final judgment against Cyprian. He appeals, contending that the magistrate judge's findings of fact are clearly erroneous.
 
 
 2
 Cyprian's brief does not present this issue for decision, however. Flouting Fed. R. App. P. 28(a)(3) and Circuit Rule 28(d)(2) ("No fact shall be stated in the statement of facts unless it is supported by a reference to the page or pages of the record or the appendix where that fact appears."), Cyprian's brief does not contain a single citation to the facts of record. Not in the statement, not in the argument, not anywhere else. Instead Cyprian's lawyer (he is represented by counsel) invites us to take an unguided tour through the record and to make our own conclusion about what happened. He also invites us to read the memoranda he submitted to the district court, purportedly "in order to save the Court time."
 
 
 3
 This presentation is utterly inadequate. A brief must stand on its own; it cannot incorporate memoranda filed in some other tribunal. Fleming v. Kane County, 855 F.2d 496, 498 (7th Cir. 1988); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir. 1986). And a party who demands review of the factual record but does not supply the necessary citations has not preserved any claim for review. Flaherty v. Gas Research Institute, 31 F.3d 451, 455 (7th Cir. 1994); Williams v. Leach, 938 F.2d 769, 773 (7th Cir. 1991). Appellees ask us to dismiss the appeal on this account, but appellate jurisdiction is secure. The appeal is properly before us, but Cyprian has not furnished any reason to disturb the judgment, which is
 
 
 4
 AFFIRMED.