78 F.3d 587
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald SABEDRA, Plaintiff-Appellant,
v.
INTERLAKE STEAMSHIP CORPORATION, Defendant-Appellee.
 No. 94-3428.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided Feb. 27, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Donald Sabedra, a deckhand on the CHARLES M. BEEGHLY, fell while washing a cargo hold with a high-pressure hose. He contends that he suffered a disabling back injury, which was aggravated when the ship's crew permitted him to lift his own gear while disembarking. Both parties consented to trial before a magistrate judge in this suit under the Jones Act, 46 U.S.C. § 688. The judge concluded that the ship's complement was not negligent, and that Sabedra brought his injuries on himself by disregarding instructions to use the hose in two-man crews and to let someone else carry his sea bag.
 
 
 2
 Sabedra's brief on appeal contains scarcely any argument beyond a restatement of his theory of liability. Sabedra instead refers us to the trial brief his attorney submitted in the district court. This approach encounters two difficulties. First, an appellate brief must be self-contained; it may not incorporate other documents. Fleming v. Kane County, 855 F.2d 496, 498 (7th Cir.1988); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1430 (7th Cir.1986). Second, the attorney's trial brief, even if treated as an extension of Sabedra's appellate brief, does not attempt to establish any error in the judge's findings. Written in advance of those findings, it could hardly do so.
 
 
 3
 An appeal is not an occasion to reargue the facts. The appellant must point to some error committed by the district court. Sabedra mentions only one possibility: he contends that the judge's conclusion "that Sabedra worked alone voluntarily is not supported by the trial transcript." We disagree; it is supported by testimony of other members of the crew that the boatswain instructed Sabedra to work with another person. Sabedra contends that "a shortage of help and pressure to produce results" led him to act on his own. On appeal, however, we must take the facts in the light most favorable to the judgment. The existence of evidence that supports the plaintiff does not make a contrary finding clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564 (1985).
 
 
 4
 Beyond this, Sabedra makes no argument. In civil litigation it is inappropriate for the court to make up arguments on behalf of a party. We recognize that Sabedra has elected to handle his appeal without assistance of counsel, but the ordinary rules of litigation remain applicable.
 
 
 5
 While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."
 
 
 6
 McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) (citations omitted).
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record