In the Matter of April L. McDONALD,
Debtor–Appellant.

No. 97–1054.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 1997.

Decided July 18, 1997.

William A. Chatterton (argued), Ross & Chatterton, Madison, WI, for Trustee–Appellee.

Dean M. Jeske (argued), Foley & Lardner, Chicago, IL, Kenneth J. Doran, Madison, WI, for Debtor–Appellant.

Before CUDAHY, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Chapter 13 of the Bankruptcy Code permits a debtor with a regular income to reschedule payments. Creditors receive a portion of the debtor's income for a fixed time, at the end of which the debtor receives a discharge. Consolidation can assist both debtors and creditors. The attraction to debtors of a single monthly payment and eventual discharge is obvious. A Chapter 13 plan is an improvement from creditors' perspective only if the easier payment schedule ensures that the debtor actually pays, for then each creditor gets at least some repayment (and many plans call for repayment in full). But not all debtors are serious about making payments, and not all who are serious have the discipline to adhere to the schedule. Debtors enter Chapter 13 delinquent in payments to creditors. If the new plan is to succeed, they must change their ways. It is best to discover, as quickly as possible, which debtors are willing and able

to follow the plan. Section 1326(a)(1) of the Code, 11 U.S.C. § 1326(a)(1), says that a debtor "shall commence making the payments proposed by a plan within 30 days after the plan is filed." To ensure that debtors take this time limit seriously, § 1307(c)(4) provides that a court may dismiss a Chapter 13 case (or convert it to a Chapter 7 liquidation) "for cause, including ... failure to commence making timely payments under section 1326 of this title." April McDonald missed the deadline under § 1326(a)(1) for her initial payment, Bankruptcy Judge Martin dismissed the case under § 1307(c)(4), and the district court affirmed.

 McDonald emphasizes the difference between the two sections of the statute: debtors "shall" start paying within 30 days; judges "may" dismiss cases if payment is late. Judges therefore have discretion to excuse belated payment. Yet according to McDonald, the judge failed to exercise discretion in her case. McDonald believes that the judge dismissed the case according to a rule under which debtors' circumstances are irrelevant. If the judge announces that he just doesn't care about the reasons for delay—if he treats a debtor who experiences a nonrecurring family emergency (such as the need to help a relative meet the costs of acute illness) the same way he treats a debtor who is just indifferent to paying bills—then we would have a genuine refusal to exercise the discretion the statute bestows. If, on the other hand, the judge is hard-nosed about timeliness but will entertain claims of exceptional circumstances, then this would be within the judge's power. Discretion does not imply laxity or standardlessness; it includes the option to be tough. The Attorney General has discretion to permit aliens who enter the United States by deceit to remain here, but the Supreme Court recently held that she could create and enforce a stalwart presumption against the favorable exercise of that discretion. *INS v. Yueh–Shaio Yang,* ── U.S. ──, ──, 117 S.Ct. 350, 353, 136 L.Ed.2d 288 (1996). This court has discretion to permit litigants to file long briefs, but we have decided not to do so except in unusual cases. *United States v. Devine,* 768 F.2d 210 (7th Cir.1985) (en banc). A district judge has discretion to impose a sentence within a range that under the Sentencing Guidelines may span many years; a judge who regularly imposes sentence at the top of the range in order to increase deterrence does not abuse that discretion—nor does a judge who regularly sentences at the bottom of the range in order to permit defendants to turn over new leaves. A district judge has discretion to grant relief from judgment under der Fed.R.Civ.P. 60(b) but may (and should) indulge a firm presumption against reopening. *Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380, 393, 113 S.Ct. 1489, 1497, 123 L.Ed.2d 74 (1993); *Metlyn Realty Corp. v. Esmark, Inc.,* 763 F.2d 826 (7th Cir.1985). So too with orders under § 1307(c)(4). Only unwillingness to consider claims of exceptional circumstances could be thought to show that the judge does not exercise discretion at all.

Judge Martin did not suggest unwillingness to hear out debtors. District Judge Crabb, who is familiar with Judge Martin's practices, remarked that Judge Martin "knew that [he possesses discretion] but *chose not to make the exception.* In doing so, the court exercised its discretion." True, Judge Martin did say that his strong preference for dismissal when debtors pay late "is intentionally arbitrary so it will be taken seriously. If discretion is exercised on these cases, it's my perception that a great deal of time will be spent trying to excuse failures to make timely payment. Whereas, if it [the rule requiring payment within 30 days] is endorsed [enforced?] with some rigor even to the point of arbitrariness, it [delay in payment] arises less frequently.... [I]f a debtor who proposes to pay for 36 months cannot heed the warning to pay the first payment within 30 days, then there is reason to doubt whether performance thereafter will follow." McDonald tells us that this shows that the judge does not exercise discretion. Yet it was a spontaneous oral statement, and only a few breaths later the judge said that he would dismiss the case for the untimely payment as he does "in virtually all other cases." Virtually is not all; the Trustee (who ought to know) observes that Judge Martin does not dismiss all cases in which the first payment is untimely, and the district judge

shared that belief. Exceptions show that the judge's presumptive approach can yield. Was this an occasion when it should have yielded?

 When the Chapter 13 Trustee raised in open court his previously-filed motion to dismiss the case, McDonald's lawyer did not offer any reason for her tardiness or ask the judge to convert the proceeding to one under Chapter 7 as an alternative to dismissal. That makes it impossible for McDonald to accuse the judge of having closed his ears and mind to compelling circumstances. At oral argument in this court, McDonald's current lawyer suggested that his predecessor refrained from offering a reason because he believed that reasons were irrelevant to the judge. This is insupportable legally—the way to find out whether a reason would have made a difference was to offer one and see whether the judge would say "I don't care about the reason" (failure to exercise discretion) or "your reason is not good enough" (an adverse exercise of discretion). How else does one build a record for appeal? It is also implausible factually. Counsel did not think reasons futile; he advanced one, but failed to remind the judge of it at the crucial juncture. Five weeks before the hearing counsel had filed a response to the Trustee's motion, stating that "the evidence would show that the first payment was about 10 days late because the debtor erred in projecting how her pay days fell in regard to the due date". Counsel added that McDonald had caught up and was current in her payments. Judge Martin obviously did not remember the document, one of hundreds a bankruptcy judge receives daily, for he stated: "I have no idea nor have you suggested why Ms. McDonald failed to make payment when due." Counsel did not attempt to refresh the judge's recollection. Perhaps counsel refrained because McDonald's reason is so mundane. "Oversight" must come right after "the check is in the mail" as a line creditors hear from delinquent debtors. A bankruptcy judge who accepts this as an excuse might as well throw in the towel on the enforcement of deadlines, and the value of Chapter 13 plans would be diminished. The bankruptcy judge did not

abuse his discretion in dismissing McDonald's case.

AFFIRMED.

CUDAHY, Circuit Judge, concurring.

The majority's statement of general principles to guide the exercise of discretion under 11 U.S.C. § 1307(c)(4) is unexceptionable. The only question is whether those principles were actually applied in the case before us. If this determination must rest on the meaning of the word, "virtually," we are indeed skating close to the edge. Hopefully, it is possible to be strict without being (in one's own view) "arbitrary."