NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re:<br><br>JUAN CARLOS ZAPATA and PATRICIA ULTRERAS,<br><br>               Debtors.<br>_____<br><br>JUAN CARLOS ZAPATA; PATRICIA ULTRERAS,<br><br>               Appellants,<br><br>v.<br><br>UNITED STATES TRUSTEE,[2]<br><br>               Appellee.<br>_____ | BAP No. CC-11-1184-PaKiNo<br><br>Bk. No. 10-14200-RR<br><br><br><br><br><br><br><br><br><br><br>**M E M O R A N D U M**[1] |

Submitted Without Oral Argument
on September 20, 2012[3]

Filed - September 28, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Robin Riblet, Bankruptcy Judge, Presiding

Appearances:    Appellants Juan Carlos Zapata and Patricia Ultreras
              pro se on brief.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] Although named by appellants as an appellee in this appeal, the U.S. Trustee did not participate in the proceedings before the bankruptcy court, and has not appeared in this appeal.

[3] Pursuant to Rule 8012, after notice to appellants, the Panel unanimously determined after examination of the brief and record that oral argument was not needed.

-1-

Before: PAPPAS, KIRSCHER and NOVACK,[4] Bankruptcy Judges.

Appellants Juan Carlos Zapata and Patricia Ultreras ("Debtors") appeal the orders of the bankruptcy court granting relief from the stay to Aurora Loan Services, LLC ("Aurora"), dismissing their chapter 13[5] case, denying recusal of the bankruptcy judge, and denying removal of the chapter 13 trustee, Elizabeth F. Rojas ("Trustee").  We AFFIRM.

**FACTS**[6]

Debtors filed a chapter 13 petition on August 13, 2010.  The petition was not accompanied by required schedules and statements, and Debtors were directed to provide the missing documents by August 27, 2010.

The § 341(a) meeting of creditors was scheduled for September 15; a plan confirmation hearing was set for October 29, 2010.  On the Notice of Chapter 13 Bankruptcy Case Meeting to Creditors & Deadlines, Debtors were cautioned that:

> Appearance by debtor(s) and the attorney for the debtor(s) is required at both the Section 341(a) meeting and the confirmation hearing.  Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting

---

[4] The Honorable Charles D. Novack, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

[5] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[6] Debtors appear pro se and provided few excerpts of record; their brief is also very difficult to understand.  We have exercised our discretion to consult the bankruptcy court's docket in Debtors' bankruptcy case to assist us in ascertaining the relevant facts. O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 958 (9th Cir. 1989).

and/or the confirmation hearing may result in dismissal of the case.

Debtors filed a request for additional time to file the missing schedules, statements and other documents on August 25, 2010. The bankruptcy court granted the request on September 1, allowing Debtors until September 10 to submit the missing documents. Later in the bankruptcy case, in the court's Memorandum Decision of April 4, 2011 (the "Memorandum Decision"), the court acknowledged that all required documents, including the Chapter 13 Plan, were submitted by September 10, 2010. Debtors filed the plan on September 10, 2010, in which they proposed to make thirty-six monthly payments to the trustee of $154.17 each.

Aurora filed a motion for relief from stay on August 31, 2010. Aurora alleged that it had acquired title to Debtors' residential real property in Ventura, California (the "Property") via a foreclosure sale and recorded trustee's deed. By its relief from stay motion, Aurora sought authority to evict Debtors from the Property. The bankruptcy court would later observe that, "according to the bankruptcy docket," Debtors did not file an opposition to Aurora's motion. Memorandum Decision at 3. However, while incorrectly docketed as a "Motion to Extend Time," Debtors informed the court in a pleading on September 15, 2010, that they opposed Aurora's motion, and sought additional time to respond. Even so, their request indicated in the caption: "Oral argument not required."[7]

---

[7] Pursuant to Local Bankr. R. 9013-1, Debtors were required to respond to Aurora's motion no later than fourteen days before the scheduled hearing on September 29. Debtors' Motion to Extend Time was filed on September 15, or fourteen days before the
(continued...)

-3-

The docket reflects that a contested hearing was held on September 21, 2010. The bankruptcy court entered its order granting relief from stay to Aurora on September 24, 2010. The relief from stay order was not timely appealed.

The chapter 13 trustee sent the parties in Debtors' case a notice on September 28, 2010, rescheduling the § 341(a) meeting to October 13, 2010 and, on September 29, 2010, sent a notice resetting the confirmation hearing to November 19, 2010.

The bankruptcy court dismissed the Debtors' chapter 13 case on October 19, 2010 for their failure to attend the § 341(a) meeting and/or failure to make payments required by § 1326. In its Memorandum Decision, the court would later state that Debtors had provided no evidence, by affidavit or declaration, that they attended the meeting or provided the documents required by Local Bankr. R. 3015-1(c) (evidence of current income, including pay stubs, tax returns or other equivalent documentation). Additionally, the court would also observe that debtors had never provided evidence that they were current in making the plan payments required by § 1326.

Debtors filed an objection to dismissal on October 25, 2010. Debtors stated that they did, indeed, attend the creditors meeting

[7](...continued)
scheduled hearing. Debtors ultimately moved under Rule 9024 for reconsideration of stay relief on November 16, 2010, arguing that they did not have adequate notice of the hearing on stay relief. Again, the caption of this motion indicated "No oral argument requested." The bankruptcy court's order denying Debtors' Rule 9024 motion is not before us on appeal. And as discussed below, Aurora has apparently carried out its intent to have Debtors evicted from the Property, thus likely mooting any appeal of the stay relief order.

-4-

on October 13, although they did not support their allegation with a sworn statement. They did not assert that they had begun making plan payments, even though the first payment under their plan was due no later than September 13, 2010. § 1326. Finally, Debtors demanded the recusal of the bankruptcy judge and removal of Trustee. The objection to dismissal was captioned "No oral argument requested." An identical copy of the October 25 objection was filed with the bankruptcy court on November 8, 2010.

Debtors' bankruptcy case was closed on December 8, 2010.

Debtors moved to reopen the case on March 16, 2011 (the "Reopening Motion"). The Reopening Motion is missing from the bankruptcy docket, and no copy was provided to the Panel. According to the bankruptcy court's Memorandum Decision, Debtors' Reopening Motion asked the court to consider Debtors' October 25 objection as a Rule 9023 reconsideration motion, and to reopen the case to allow Debtors to prosecute that reconsideration motion, as well as to provide Debtors an opportunity to convert their case to chapter 7. According to the court, Debtors sought reconsideration because, in their view, there had been a clear error by the court because Debtors did attend the § 341(a) creditors meeting, because the court failed to provide "notice and a hearing" of the impending dismissal of the bankruptcy case as required by § 1307(c), and because the court's failure to comply with § 1307(c) deprived them of the opportunity to convert their case to chapter 7. The bankruptcy court granted the request to reopen the bankruptcy case on April 6, 2011 (the "Reopening Order"). The Reopening Order referred to the court's Memorandum Decision of the same date for its findings and conclusions regarding the court's

-5-

reasons for dismissal, and reopened the case to allow Debtors to convert their case to chapter 7 no later than twenty-one days from entry of the Reopening Order. Also on April 6, the bankruptcy court entered orders denying Debtors' request that the bankruptcy court recuse itself, and denying their request to remove Trustee (the "Recusal Order").

The court's Memorandum Decision at the center of this appeal consists of a nine-page explanation of the history of the bankruptcy case and a presentation of the court's findings in support of its decisions to deny reconsideration of the dismissal order and in support of the Recusal Order. In the Memorandum Decision, the bankruptcy court observed that Debtors' October 25 objection could properly be viewed as a motion to alter or amend a judgment under Rule 9023 (Civil Rule 59(e)), which was timely submitted within fourteen days of the court's dismissal order. The court denied reconsideration of the dismissal order because the court had made no error in its dismissal order: there was no evidence submitted that Debtors attended the § 341(a) meeting or that they had begun payments required by § 1326. And as to Debtors' assertion that they had no opportunity to convert their case to a case under chapter 7, the court ruled that it had reopened the case and Debtors would be allowed to convert the case to chapter 7 within twenty-one days of entry of the Reopen Order or the case would again be dismissed.

As to Debtors' demand that the bankruptcy judge recuse, the court observed that Debtors had not presented any credible evidence that the bankruptcy judge had acted in a manner in which impartiality could be questioned, nor any evidence to show bias or

prejudice.  The court denied the recusal request.

The bankruptcy court also noted that, once assigned, a chapter 13 trustee can be removed only if the court finds "cause" for removal after notice and a hearing.  Debtors did not provide notice to Trustee of their request for Trustee's removal. Further, Debtors provided no evidence that would support a finding of cause for removal of Trustee.  The court denied the removal motion.

On April 6, 2011, the bankruptcy court entered an order denying reconsideration of the dismissal order, except that it would be modified for the limited purpose of allowing Debtors to request conversion of the case to chapter 7, and denying Debtors' request to recuse the bankruptcy judge and remove Trustee (the "Order Denying Reconsideration").

Debtors filed a timely appeal on April 20, 2011.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in denying reconsideration of its dismissal order.

Whether the bankruptcy court abused its discretion in denying Debtors' request for recusal of the bankruptcy court and removal of Trustee.

**STANDARD OF REVIEW**

The bankruptcy court's denial of reconsideration under Rule 9023 (Civil Rule 59(e)) is reviewed for abuse of discretion. Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 493 (9th Cir.

-7-

BAP 1995).

A court's denial of a motion for recusal of the court is reviewed for abuse of discretion. <u>United States v. Martin</u>, 278 F.3d 988, 1005 (9th Cir 2002).

A bankruptcy court's denial of a motion to remove a trustee is reviewed for abuse of discretion. <u>Dye v. Brown (In re AFI Holding, Inc.)</u>, 530 F.3d 832, 838 (9th Cir. 2008).

In determining whether a bankruptcy court abused its discretion, we review whether the bankruptcy court applied the correct rule of law. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). We then determine whether the court's application of that rule was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. <u>Id.</u> (quoting <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 577 (1985)).

**DISCUSSION**

As a preliminary matter, we note that Debtors appear to seek review in this appeal of the bankruptcy court's order granting relief from stay to Aurora to proceed with their eviction. This matter is not properly before the Panel. Orders granting relief from stay are final orders. As such, they must be appealed within the fourteen-day period prescribed in Rule 8002(a). <u>Groshong v. Sapp (In re MILA, Inc.)</u>, 423 B.R. 537, 542 (9th Cir. BAP 2010). The order granting relief from stay was entered on September 24, 2010. Debtors did not appeal that order within the fourteen-day period that expired on October 8, 2010. In any case, such an appeal would likely be moot, in that Debtors informed the bankruptcy court on December 8, 2010, that Aurora had carried out

-8-

the eviction.

**I. The bankruptcy court did not abuse its discretion in denying Debtor's Rule 9023 motion to reconsider its dismissal order.**

Debtors filed their objection to the dismissal order on October 25, 2010, six days after the bankruptcy court entered the order on October 19, 2010.  Although it was too late to consider the objection before the bankruptcy court dismissed the case, the court was seemingly aware of its responsibility to treat pro se litigants and their pleadings with liberality.  Kashani v. Fulton (In re Kashani), 190 B.R. 875, 883 (9th Cir. BAP 1995). Consequently, the bankruptcy court could properly treat Debtors' objection as a motion for reconsideration of the dismissal order. Rule 9023 (incorporating Civil Rule 59(e)) (which authorizes a motion to alter or amend a judgment filed not later than fourteen days after entry of judgment).

Reconsideration under Civil Rule 59(e) is an extraordinary remedy to be used sparingly "in the interests of finality and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003).  Courts in the Ninth Circuit should not allow reconsideration simply to allow the litigant a "second bite of the apple."  Alexander v. Bleau (In re Negrete), 183 B.R. 195, 198 (9th Cir. BAP 1995).  According to our Court of Appeals, courts should not reconsider their earlier orders unless there is "newly discovered evidence, [the court] committed clear error, or if there is an intervening change in the controlling law."  Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Debtors assert that the bankruptcy court committed error

-9-

because the dismissal order was: (1) "based on a falsehood" because, contrary to the dismissal order, Debtors did attend the § 341(a) creditors meeting; and (2) the dismissal order was "against the law" because the case was not dismissed "after notice and a hearing" as required by § 1307, which in turn deprived Debtors of their right to convert the case to chapter 7. Debtors arguments are without merit.

The bankruptcy court's dismissal order of October 19, 2010, was entered because Debtors had not attended the § 341(a) meeting "and/or" had not made the payments to the chapter 13 trustee required by § 1326(a)(1). Although under some circumstances the Panel might consider such an order insufficiently clear regarding grounds on which the bankruptcy court dismissed the case, in this case the court also made detailed findings explaining that Debtors had <u>both</u> failed to attend the meeting and had failed to make the payments.

A debtor "must appear and submit to examination under oath at a meeting of creditors under section 341(a) of this title." § 343. A bankruptcy court may dismiss a case for the unexcused failure by the debtor to attend the § 341(a) meeting of creditors. <u>Bernard v. Coyne (In re Bernard)</u>, 40 F.3d 1028, 1030 (9th Cir. 1994); <u>In re Burgos</u>, 476 B.R. 107, 113 (Bankr. S.D.N.Y.) (chapter 13 debtor's unexcused failure to attend § 341(a) meeting is grounds for dismissal); <u>In re Yensen</u>, 187 B.R. 676, 677-78 (Bankr. D. Idaho 1995) (chapter 13 debtor's willful failure to attend § 341(a) meeting was grounds for dismissal).

Debtors did not provide the bankruptcy court with evidence that they had attended the meeting. Arguments in pleadings and

statements of counsel (or of pro se parties) are not evidence. Runningeagle v. Ryan, 686 F.3d 758, 776 (9th Cir. 2012). Thus, the Panel cannot conclude on the record before us that the bankruptcy court erred when it decided that Debtors had not attended the meeting, or that they had not provided the documents required by local bankruptcy rules. Such failure constituted grounds for dismissal of their chapter 13 case.

Moreover, Debtors have never argued before the bankruptcy court, or in this appeal, that they began making payments under their plan within thirty days of filing their petition, as required by the Bankruptcy Code. Section 1326 provides that: "(a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount — (A) proposed by the plan to the trustee[.]" § 1326(a)(1)(A). The order for relief in this case was deemed entered on the date of filing the petition, August 13, 2010. § 301(b). Debtors' plan provided that they would make payments of $154.17 for thirty-six months. Debtors have not argued in either the bankruptcy court or in this appeal that they made the payments to Trustee, nor have they provided any excuse for any failure to make the payments. Failure to make the payments required by § 1326(a) is a sufficient ground for dismissal of the chapter 13 case. § 1307(c)(4); In re Maali, 452 B.R. 325 (D. Mass. 2010); In re Miller, 2009 WL 174902 * 2 (S.D.N.Y. 2009); In re Skinner, 2008 WL 2695650 * 5 (Bankr. D. Or. 2008); In re Huerta, 137 B.R. 356, 375 (Bankr. C.D. Cal. 1992) ("Debtors' willful failure to make payments to the Chapter 13

-11-

Trustee not only constitutes grounds for dismissal under 11 U.S.C. § 1307(c)(4), but also constituted 'willful failure to appear' before this Court in proper prosecution of the instant case, within the meaning of 11 U.S.C. § 109(g)."). Indeed, the one circuit court to rule on failure to pay under § 1326 held that even a ten-day delay in commencing payments, without an adequate explanation, was grounds for dismissal of a chapter 13 petition. In re MacDonald, 118 F.3d 568, 570 (7th Cir. 1997).

Debtors have not shown that there was any error in the bankruptcy court's finding that they had not attended the § 341(a) meeting of creditors or that they had not commenced making timely payments as required by § 1326.

Debtors also argue that the bankruptcy court erred by failing to provide them notice, and opportunity for a hearing, concerning the impending dismissal of the bankruptcy case. Debtors are incorrect. As discussed above, the bankruptcy court clearly provided the required notice to Debtors at the time they filed their petition that the failure to attend the § 341(a) meeting of creditors may result in dismissal. And in their objection to dismissal, Debtors waived any opportunity for a hearing when they captioned their pleading, "No oral argument requested." Further, Debtors' argument that the bankruptcy court failed to allow them a hearing under § 1307(c) apparently relates to Debtors' interest in converting their case to chapter 7. If so, Debtors suffered no prejudice, because the bankruptcy court in its order provided that Debtors could request to convert the bankruptcy case to a chapter7 case within twenty-one days of entry of the order.

Because Debtors have not established that the bankruptcy

-12-

court erred in its dismissal order, the court did not abuse its discretion in denying reconsideration of that dismissal order.

**II. <ins>The bankruptcy court did not abuse its discretion in denying the motions to recuse the bankruptcy court or remove Trustee</ins>.**

The general recusal statute for federal judges, 28 U.S.C. § 455(a), provides that "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge is also disqualified if he or she demonstrates "a personal bias or prejudice" concerning a party. 28 U.S.C. § 455(b)(1). These general provisions apply to recusal demands made regarding bankruptcy judges. <u>Focus Media, Inc. v. NBC (In re Focus Media, Inc.)</u>, 378 F.3d 922, 929 (9th Cir. 2004). The terms bias or prejudice "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1993). To gauge the merits of a recusal request, the bankruptcy court, and this Panel, must decide "whether a reasonable person with knowledge of all the facts would conclude that a judge's impartiality might reasonably be questioned." <u>Cordoza v. Pac. States Steel Corp.</u>, 320 F.3d 989, 999 (9th Cir. 2003) (quoting <u>Milgard Tempering, Inc. v. Selas Corp. of America</u>, 902 F.2d 703, 714 (9th Cir. 1990)).

Debtors did not present any evidence in the bankruptcy court, or even reasoned argument in this appeal, that would support recusal of the bankruptcy judge. Instead, in their brief they suggest recusal was appropriate because: "Perhaps the court's

-13-

standards as expressed by Judge Riblet were far too high and meant to discourage ordinary people like ourselves from seeking relief under this nation's laws." Debtors do not allege that the bankruptcy court was impartial, harbored bias or prejudice, or derived its rulings from extrajudicial sources. Rather, it is apparent that they simply do not agree with the court's rulings. Simply disagreeing with the court is not grounds for recusal of a federal judge. Liteky, 510 U.S. at 555. The bankruptcy court did not abuse its discretion in denying Debtors' recusal motion.

Similarly, the case law disfavors attempts to remove a trustee from participation in a bankruptcy case. Indeed, a trustee may only be removed if the bankruptcy court finds cause to do so after notice and a hearing. § 324(a).

The BAP has previously examined what constitutes cause for removal of a trustee under § 324(a). Dye v. Brown (In re AFI Holding, Inc.), 355 B.R. 139, 149-51 (9th Cir. BAP 2006), aff'd and adopted, 530 F.3d 832, 838 (9th Cir. 2008). The factors to be considered by the bankruptcy court in determining if a trustee should be removed include: (1) a lack of disinterestedness and potential for conflict of interest, id. at 838; (2) perception of the trustee's activity by creditors, id. at 849; or (3) trustee incompetence, misconduct or failure to perform duties, id. at 845. The test for the existence of cause for removal is based on the totality of the circumstances. Id. at 848.

Debtors do not specifically address their objections to Trustee's service in their brief. Indeed, the only documented charge is contained in Debtors' letter to the U.S. Trustee, where they suggest, without elaboration, that Trustee was somehow

-14-

instrumental in the sheriff's eviction of Debtors from their Property. Debtors do not argue that Trustee's actions amount to misfeasance.

We conclude that Debtors have not shown that any cause existed to remove Trustee and, therefore, the bankruptcy court did not abuse its discretion in denying their motion to remove Trustee.

## CONCLUSION

We AFFIRM the orders of the bankruptcy court.