964 F.2d 596
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley S. ASHMAN, John Ryan, Joel J. Fetchenhier, Thomas P.
Kenney, William A. Barcall, III, Sheldon Schneider, Edward
A. Cox, III, John A. Vercillo, Martin J. Dempsey, Charles W.
Bergstrom, Defendants-Appellants.
 Nos. 91-2390, 91-2406, 91-2462, 91-2488, 91-2524, 91-2590,
91-2676, 91-2677, 91-2708, 91-2709.
 United States Court of Appeals,
Seventh Circuit.
 Submitted April 29, 1992.
Decided April 29, 1992*.
Opinion May 8, 1992.
Order June 18, 1992.
 
 Barry R. Elden, Asst. U.S. Atty., Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for U.S.
 Michael D. Monico, Barry A. Spevack, Monico, Pavich & Spevack, Chicago, Ill., for John A. Vercillo.
 Garrett B. Johnson, Mark D. Young, Kirkland & Ellis, Scott E. Early, Chicago, Ill., Robert H. Bork, Washington, D.C., Ann E. Barlow, New York City, for Board of Trade of the City of Chicago, amicus curiae.
 James R. Epstein, Jerry A. Esrig, Chicago, Ill., for Martin J. Dempsey.
 Nathan Z. Dershowitz, Amy Adelson, Dershowitz & Eiger, New York City, Alan M. Dershowitz, Cambridge, Mass., for Bradley S. Ashman.
 Margaret L. Paris, Robert M. Stephenson, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, Ill., for Joel J. Fetchenhier.
 Gordon B. Nash, Jr., Gardner, Carton & Douglas, James R. Streicker, Cotsirilos, Stephenson, Tighe & Streicker, Patrick S. Coffey, Federal Public Defender, Office of the Federal Public Defender, Chicago, Ill., for John C. Ryan.
 Nicholas F. Maniscalco, Chicago, Ill., for William A. Barcal, III.
 Margaret L. Paris, Robert M. Stephenson, Cotsirilos, Stephenson, Tighe & Streicker, Chicago, Ill., for Thomas P. Kenney and Sheldon Schneider.
 Nan R. Nolan, Robinson, Curley & Clayton, Donald C. Shine, Michael J. Daley, Nisen & Elliott, Chicago, Ill., for Charles W. Bergstrom.
 Matthias A. Lydon, Jayne Carr Thompson, Lydon & Griffin, Chicago, Ill., for Edward A. Cox, III.
 Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have before us a motion by the government to file a 280-page appellee's brief; the normal limit is of course 50 pages but the government points out that the appellants, ten criminal defendants tried together for commodities fraud, filed 438 pages of opening briefs (458 when the amicus brief, which supports the defendants, is included in the count). If the government's motion were granted, we would be required to read 738 pages of briefs in this matter--assuming the defendants filed no reply briefs.
 
 
 2
 There clearly is something wrong. Although there are multiple defendants and the trial did last several months, the case is not so complex as to warrant the nearly thousand pages of briefs that we can expect, should the government's motion be granted, when the defendants file reply briefs. Yet to deny the government's motion and thus require it to reply in 50 pages to 458 pages of opening briefs would hardly be a proper solution.
 
 
 3
 What has gone wrong? The answer is the appellants' violations of the letter and spirit of our previous orders. By order of June 26, 1991, we consolidated the appeals and "encouraged" the appellants "to avoid unnecessary duplication by filing a joint brief or a joint appendix or by adopting parts of a co-appellant's brief." And lest the meaning of "encouragement" be misunderstood we added: "Duplicative briefing will be stricken and may result in disciplinary sanctions against counsel." We followed up with a further order on September 4 in which we stated, in the imperative mood, "The defendants-appellants shall file a joint introductory brief with statements of the case and of the core facts, argument on all joint or common issues and the required joint appendix" on or before a specified date. (Emphasis added.)
 
 
 4
 The briefs filed by the appellants are replete with duplication. The consolidated introductory brief contains no argument section at all. Rather than consolidate and streamline their presentation, the appellants have inundated the court with redundant and uncoordinated filings. In so doing, they have done their clients and this court a disservice. We hereby strike the appellants' briefs. The amicus brief will not be stricken, however.
 
 
 5
 By way of remedy, and in response to the government's motion, we establish a new scheme of page limitations and a new briefing schedule. The date of oral argument remains unchanged (June 11). The appellants shall file a single consolidated brief not to exceed 75 pages in length. The brief shall state the facts common to the various appeals, shall state the appellants' complete arguments with respect to all claims that all ten defendants have raised, and shall list all other claims together with a statement of which defendants make or join which claim. Each appellant shall be entitled to file a supplementary brief not to exceed 12 pages, which shall not duplicate any matter in the consolidated brief. The government shall be allowed to file a single response brief not to exceed 85 pages. The appellants shall be entitled to file a consolidated reply brief not to exceed 25 pages, which shall contain the appellants' complete reply with respect to all the common claims. Each appellant shall in addition be entitled to file a supplementary reply brief of no more than 5 pages, which shall not duplicate the consolidated reply brief.
 
 
 6
 These allotments are generous. They contemplate a possible maximum (including the amicus brief) of 375 pages of briefs, though we hope the actual total will be substantially less.
 
 
 7
 The appellants' brief shall be due on May 12, the government's brief on June 1, and the reply briefs on June 8.
 
 
 8
 Violations of any of these orders will be sanctioned. As the sanction for the appellants' previous violations, we forbid the appellants' lawyers to charge their clients any fees or expenses relating to the preparation of the consolidated and supplementary briefs (excluding any reply briefs).
 
 
 9
 We have directed that this order be published in order to underscore our determination to assure compliance with orders concerning avoidance of duplication and of unnecessary length in briefs in consolidated appeals.
 
 ORDER
 
 10
 In May 1992, several appellants asked this court to reconsider our April 29, 1992 opinion imposing sanctions for abuse of court processes. On May 7, 1992, the court decided that the appellants' claims regarding the imposed sanctions should be resolved at the time of the full hearing. We now unanimously lift those sanctions. In our published disposition of this consolidated appeal, we will include the substance of this order.
 
 
 11
 Appellants also renew their motions for bond pending resolution of this appeal. After careful consideration of the parties' filings and oral argument, a majority of us agree with both the district court and an earlier panel of this court that determined that the appellants have not satisfied their burden under 18 U.S.C. § 3143(b). As the district court properly noted, that statute provides that a court may allow a convicted defendant to remain free on bond pending appeal if: (1) the defendant is not likely to flee or pose a danger to the community, (2) the appeal is not for the purpose of delay, and (3) the appeal raises a "substantial question of law or fact" likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence that reduces the term of imprisonment. See 18 U.S.C. § 3143(b). There is no dispute that the appellants satisfy the first two conditions. The point of contention centers upon the third condition, whether this appeal is likely to result in reversal.
 
 
 12
 In United States v. Bilanzich, 771 F.2d 292 (7th Cir.1985), we remarked that § 3143(b) "requires an affirmative finding that the chance for reversal is substantial.... [A] conviction is presumed to be correct." Id. at 298 (quotations omitted). At this stage of our consideration of the merits of the appeal, we are unable to make that finding. Accordingly, the motions for bond are denied.
 
 
 
 *
 The decision was released in typescript in view of the imminence of oral argument