UNITED STATES of America,
Plaintiff–Appellee,

v.

Miguel TORRES, et al., Defendants–
Appellants.

Nos. 98–1272, 98–1389, 98–
1401 and 98–3357.

United States Court of Appeals,
Seventh Circuit.

Submitted March 5, 1999.

Decided March 16, 1999.

**750**

R. Ryan Stoll (submitted), Office of United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Joseph R. Lopez, Chicago, IL, for Defendant–Appellant Miguel Torres.

Richard S. Kling, Chicago–Kent College of Law, Chicago, IL, for Defendant–Appellant Jose de la Paz Sanchez.

Steven Shobat, Chicago, IL, for Defendant–Appellant Salome Varela.

Keith Spielfogel, Chicago, IL, for Defendant–Appellant Jesus Ruiz.

Before: EASTERBROOK, MANION, and ROVNER, Circuit Judges.

PER CURIAM.

Litigants must present their appellate arguments in 14,000 words or less, the modern equivalent of the old 50–page standard. Fed. R.App.P. 32(a)(7)(B). When multiple parties with identical interests appear on the same side of an appeal, or of related appeals, we generally enter an order under Circuit Rule 33 requiring them to file a single brief, with a single 14,000–word allowance. See also Fed. R.App.P. 2, 33. Sometimes, however, the parties have divergent interests. Criminal defendants tried jointly may want to point fingers at each other, and some may want to present issues that do not affect the others. In simple multi-defendant criminal cases the court lets each defendant go his own way, with a separate brief; in complex multi-defendant cases, however, the court usually requires counsel to file a joint brief presenting common issues, with each defendant retaining the right to file a separate brief presenting issues that affect only himself. We require counsel to coordinate their efforts so that all common issues go into the joint brief, while the issues in the separate briefs do not overlap.

█ Defendants occasionally abuse this procedure. In *United States v. Ashman,* 964 F.2d 596 (7th Cir.1992), the defendants filed a joint brief that omitted any argument but simply narrated the facts, and then filed ten separate (and uncoordinated) briefs with a confusing welter of arguments. The total came to 438 pages, leading the prosecutor to seek 280 pages in response, and the prospect of lengthy reply briefs loomed. The court balked at reading close to a thousand pages of argument in a single case and ordered defense counsel to put all common issues into a joint brief of 75 pages or less, with supplemental filings of 12 pages per defendant. In the case now before us, the defendants were ordered to file a joint brief covering common issues, plus supplementary briefs for each defendant. The order forbade duplication and pointedly cited *Ashman.* And to a degree the defendants have complied. They filed a joint brief containing 12,883 words that lays out the nature of the case and presents three legal arguments. Three of the four defendants filed individual briefs— one with 12,723, the second with 9,590, and the third with 7,583 words—presenting additional arguments. The degree to which the defendants have complied with our order is that these briefs are *perfectly* coordinated. None of the arguments in any individual brief duplicates any argument in the joint brief or any other individual brief. But just as in *Ashman* the briefs violate the spirit of our orders. For these defendants have identical interests. None has any contention pertinent to himself alone. The four briefs raise ten appellate issues all told. All ten apply to all four defendants. To make this pellucid, each of the individual briefs adopts all of the arguments presented in the other individual briefs. The upshot is that the defendants have filed the equivalent of a single brief

with 42,779 words, without the trouble of applying for permission to exceed the 14,000–word limit (and without the convenience to the court of being able to find all arguments in a single document).

■ Just as in *Ashman*, the problem came to our attention when the prosecutor asked to file a brief exceeding the length permitted by the appellate rules. The motions judge denied that request and ordered defendants to file a joint brief meeting the 14,000 word limit. This approach differed from the directive in *Ashman* because these defendants have revealed that they have a mutual position; separate briefs therefore are unnecessary. But again as in *Ashman* the defendants protest. They tell us that their original briefs should be reinstated, because they did us a kindness: why, they *could* have filed four briefs of 14,000 words apiece, for a total of 56,000, and instead used only 43,000. That position assumes, however, that the court permits litigants on the same side of a case, and occupying common ground, to as many words as there are warm bodies, multiplied by 14,000. Not at all. The rules give 14,000 words per brief, and we allot one brief to parties sharing common interests. A longer presentation depends on a demonstration of need, not on the raw number of litigants. In order to concentrate on the most meritorious claims, the court must enforce the word limit; extra argument means extra judicial time, which must be carefully apportioned. *United States v. Devine*, 768 F.2d 210 (7th Cir.1985) (en banc).

Trial in this case lasted six weeks, and the appeals properly present more issues than the norm. But many of the arguments in the briefs are weak, and others appear to be padded. We are confident that counsel can represent their clients' interests by filing a joint brief of 20,000 words or less, and we now grant permission to file such a brief. No individual briefs will be accepted. The prosecutor may file a brief not to exceed 16,000 words, and a joint reply brief not exceeding 8,000 words will be accepted. The defendants' new brief is due in two weeks, with the United States' brief due two weeks after that (the prosecutor already has had ample time to prepare), and the reply brief two weeks after the prosecutor's brief. This schedule will allow the case to be argued this spring. No further extensions (either of time or of space) will be granted.