In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1708

Ralph Licari,

Plaintiff-Appellant,

v.

City of Chicago, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 6773--George W. Lindberg, Judge.

Submitted August 9, 2001--Decided August 20, 2001

  Posner, Circuit Judge, in chambers.  I have before me a motion to reconsider my denial of the appellees' motion (a one-judge motion under the rules of this court, see 7th Cir. Operating Proc. 1(a)(1)), for leave to file a second appellees' brief in this appeal. The underlying suit, dismissed by the district court, sought damages from the defendants (now the appellees) in both their individual capacities and in their official capacities as members of a municipal retirement board. The defendants hired two sets of lawyers to defend the suit. One set (I'll call it "Off" for official) represented the defendants against the official-capacity claim, and the other set ("Ind") represented them against the individual-capacity claim. On July 7, Off filed a brief labeled the appellees' brief but limited to the official-capacity claim. On July 23, the appellees filed a motion to authorize the filing of a second appellees' briefs, to be signed by Ind and address the plaintiff's claim against the appellees in their individual capacities. The motion described itself as a "courtesy," for it claimed that the appellees have a right to file a second brief. The principal reasons, as explained in the motion to reconsider, are, first, that a lawsuit against a person in both his individual and his official capacity is really two lawsuits,

and second that the first brief was signed by a lawyer for the retirement board and the defendants when sued in their individual capacities are entitled to be represented by counsel of their choice.

The federal appellate rules and the rules of this court do not forbid separate parties to file separate briefs even if their interests are aligned, although we reserve the right to require consolidated briefing where necessary to avoid undue duplication. United States v. Torres, 170 F.3d 749 (7th Cir. 1999) (per curiam). But I reject the suggestion that an individual sued in different capacities is two parties with the rights that such duality would confer. It is true that the cases loosely state that a suit against an individual in his official capacity is really a suit against the state, e.g., Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Power v. Summers, 226 F.3d 815, 818 (7th Cir. 2000), but what they mean of course is that the individual named as a defendant in such a suit can interpose the state's defense of sovereign immunity. The fact that a defendant has a defense against one claim in the suit that is unavailable against a second claim is no basis for treating him as two people. Otherwise a defendant in the very common type of suit in which a publicly employed individual is sued in both his individual and his official capacity would have a prima facie entitlement to file a brief twice as long as the plaintiff in the same case. Such an entitlement wouldn't make any sense at all, and there is no basis in the rules or in case law for it.

As for the fact that the first brief was submitted by a government lawyer, that's no different from a situation in which a liability insurance company provides a lawyer to defend its insured. If the defendants were worried that the government lawyer would rest after asserting sovereign immunity, a defense that would not help them against the individual-capacity claim, they could ask to participate in the drafting of the brief; in the unlikely event not here alleged that the lawyer refused to include defenses against the individual-capacity claim, the appellees could ask us for leave to file a separate brief. No one is

questioning the right of the appellees to hire their own lawyers to defend against the individual-capacity claim; but that has no bearing on whether defendants in such a case should have twice as many pages as the plaintiff.

The two capacities = two briefs argument makes no more sense than a two claims = two briefs argument would. Many suits consolidate separate claims--there may be multiple plaintiffs, or one plaintiff may allege that the defendant committed multiple wrongs. None of these configurations automatically increases the permitted number or length of briefs. Nor would the defendant get the right to file an extra brief just because he hired two lawyers, one to defend against claim #1 (say, based on contract) and another to defend against claim #2 (say, based on the securities laws). The "two capacities" situation is no different from a "two claims" situation.

The motion for reconsideration is denied.