**In re Janet M. BELANGER, Debtor.**

**Bankruptcy No. 8300386.**

United States Bankruptcy Court,
D. Rhode Island.

May 7, 1986.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

### ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's motion to dismiss this Chapter 13 case, because of the debt-or's failure to comply with the terms of the confirmed plan. 11 U.S.C. § 1307.[1]

The debtor has not made any payments into the plan since September 1985, and no requests for relief, formal or otherwise, were received from the debtor during the time she has been in default. In addition, debtor's counsel did not respond to the trustee's written request on November 21, 1985, for information concerning the status of debtor's employment.

The bases for debtor's objection to the motion to dismiss are:

1. The debtor has ceased working due to a medical condition.

2. The [other] party providing payments into the plan ... has ceased working due to a medical condition.

3. The debtor intends to move for a hardship discharge on the grounds of her condition....

Memorandum in Support of Objection to Trustee's Motion to Dismiss.

The trustee has established grounds for dismissal under 11 U.S.C. § 1307(c)(6), and counsel's belated, alleged intention to move for a hardship discharge is without merit. If a hardship discharge was previously indicated, as is now represented by debtor's counsel, it was his obligation to request the same in a timely manner, pursuant to 11 U.S.C. § 1329. Mr. Raskin's failure to take any affirmative steps to seek appropriate relief, until faced with impending dismissal, is representative of a long standing pattern of conduct by debtor's counsel[2] which places an improper burden on the trustee, the Court, and all others who deal with this particular counsel on a regular basis. The Code, we think, does not contemplate, and

2016(b). To date they have not received services equal to the fee already paid.

1. § 1307. Conversion or dismissal
    (c) [T]he court may ... dismiss a case ... for cause, including—
    ....
    (6) material default by the debtor with respect to a term of a confirmed plan....

2. This statement comes as no surprise to Mr. Raskin, who has been informed previously, either in court or in chambers (on the record, in most instances), that repeated actions and omissions on his part, similar to those here, were of continuing concern to the Court. *See, e.g., In re Marzocchi*, 60 B.R. 657 (Bankr.D.R.I.1986); *In re McGuire*, 60 B.R. 654 (Bankr.D.R.I.1986); *In re Kaspar*, 60 B.R. 658 (Bankr.D.R.I.1986).

it certainly does not provide that the trustee should be required to move first against non-complying debtors, only to have debtor's counsel goaded into action which should already have been taken affirmatively.

We can safely say that Mr. Raskin handles more Chapter 13 cases than any other lawyer in Rhode Island. But the demands imposed by a large volume of cases and the pressures of business do not excuse him from meeting his obligations to his clients, or from performing up to the ordinary standards of attorneys practicing before this Court on a regular basis. To the contrary, Mr. Raskin's expertise and familiarity with Chapter 13 practice and procedure require that this Court, of which he is an officer, and his clients, receive competent and *timely* action [3]—not just responses to action taken in the wake of his own inaction or inattention.

Accordingly, the case is dismissed as the result of a material default by the debtor (non-payment) with respect to a term of the confirmed plan.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

---

**3.** *See* Canons 6 and 7 of the Code of Professional Responsibility.