In re Michael McGUIRE and Joann McGuire, Debtors.

**Bankruptcy No. 8500651.**

United States Bankruptcy Court, D. Rhode Island.

May 7, 1986.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

Andrew S. Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

## ORDER DENYING DEBTORS' MOTION TO RECONSIDER.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 17, 1986, on the debtors' motion to reconsider an order dismissing this Chapter 13 case, and on the trustee's objection.

The facts are not in dispute. The Chapter 13 petition was filed on October 11, 1985 and a confirmation hearing was held on December 5. Because the plan proposed to treat certain secured claims as partially unsecured, confirmation was conditionally denied. At a chambers conference held at the conclusion of the confirmation hearing, debtors' attorney was informed of the Court's concern over the sufficiency of the notice to secured credi-

tors whose claims would be affected, and he was specifically directed to provide written notice to such creditors. He failed to do so. The case was dismissed on March 7, 1986, more than three months after Mr. Raskin had been ordered to give the required notice.

At the hearing on the motion for reconsideration, counsel accepted responsibility for failing to notify the creditors, but did not offer any convincing reason for the omission. His "inadvertent" noncompliance with an order of this Court does not constitute grounds for either reconsidering or vacating the dismissal order, and Mr. Raskin's belated attempt to rectify the situation by mailing said notices *after* the case had been dismissed, was clearly "too little, too late." In fact, considering the confusion which was probably experienced by creditors first receiving notice from the Court that the case had been dismissed, and then receiving a letter from counsel informing them that their secured claims would be treated as partially unsecured, the soundness of Mr. Raskin's judgment in sending these letters, post-dismissal, is open to serious question.

In any event, counsel has not advanced any reasons which would constitute grounds to vacate or reconsider the March 7, 1986 order of dismissal. However, dismissal of a case where, as here, debtors have complied with their obligations under Chapter 13, including their duty to make payments under a proposed plan (11 U.S.C. § 1326) is harsh, and counsel is quite right in arguing that the debtors ought not be penalized because of their lawyer's negligence. The equitable answer is to require counsel to reinstate these debtors to where they would have been, but for his own negligence.

Accordingly, the motion to reconsider is denied, but with leave granted to Mr. Raskin to file, within 30 days, another Chapter 13 petition on behalf of the debtors, without expense to the debtors for additional filing costs or attorneys' fees.[1]

---

1. The debtors have already paid Mr. Raskin $450 for legal services in this case. *See* State-

ment filed pursuant to Bankruptcy Rule

---

2016(b). To date they have not received services equal to the fee already paid.