In re George K. KASPAR, Debtor.

Bankruptcy No. 8500647.

United States Bankruptcy Court, D. Rhode Island.

May 7, 1986.

---

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

Andrew S. Richardson, Boyajian, Coleman & Harrington, Providence, R.I., for trustee.

Anthony Vacca, Providence, R.I., for Old Stone Bank.

## ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 17, 1986, on the debtor's motion to reconsider an order dismissing this Chapter 13 case. The trustee and Old Stone Bank object to the motion.

The facts are not in dispute. The Chapter 13 petition was filed on October 10, 1985 and a confirmation hearing was held on December 5. Because the plan proposed to treat certain secured claims as partially unsecured, confirmation was conditionally denied. At a chambers conference held at the conclusion of the confirmation hearing, debtor's counsel was informed of the Court's concern over the sufficiency of the notice to secured creditors whose claims would be affected, and he was specifically directed to provide written notice to such creditors. He failed to do so. The case was dismissed on March 7, 1986, more than three months after Mr. Raskin had been ordered to give the required notice.

■ At the hearing on the motion for reconsideration, counsel accepted responsibility for failing to notify the creditors, but did not offer any convincing reason for the omission. His "inadvertent" noncompliance with an order of this Court does not constitute grounds for either reconsidering or vacating the dismissal order, and Mr. Raskin's belated attempt to rectify the situation by mailing said notices *after* the case had been dismissed, was clearly "too little, too late." In fact, considering the confusion which was probably experienced by creditors first receiving notice from the Court that the case had been dismissed, and then receiving a letter from counsel informing them that their secured claims would be treated as partially unsecured, the soundness of Mr. Raskin's judgment in sending these letters, post-dismissal, is open to serious question.

■ Counsel has not advanced any reasons which would constitute grounds to vacate or reconsider the March 7, 1986 order of dismissal. While it disturbs the Court to see the consequences of counsel's neglect and nonfeasance visited upon the debtor, that should not affect the outcome. In any event, the evidence in this proceeding confirmed that, without good cause, the debtor breached his obligation to make pay-

ments to the trustee under his proposed plan, as required by 11 U.S.C. § 1326, which, independently, constitutes grounds for dismissal. 11 U.S.C. § 1307(c)(4).

Accordingly, the motion to reconsider is denied. Since the debtor, by failing to make required payments, is as responsible for dismissal as his attorney, counsel will not be required to reimburse the debtor for additional filing fees, as in *In re McGuire*, 60 B.R. 654 (Bkrtcy. D. R.I.1986), where Mr. Raskin's negligence was the sole ground for dismissal.