**In re Ruth MARZOCCHI, Debtor.**

**Bankruptcy No. 8400359.**

United States Bankruptcy Court,
D. Rhode Island.

May 7, 1986.

Russell D. Raskin, Raskin & Berman, Providence, R.I., for debtor.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

### ORDER GRANTING TRUSTEE'S MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the trustee's motion to dismiss this Chapter 13 case, because of the debtor's failure to comply with the terms of the confirmed plan; and to release $56 to the debtor's employer, on the ground that said funds had not actually been earned by the debtor.

The trustee, who last received a payment into the plan in June 1985,[1] seeks dismissal

---

**3.** *See* Canons 6 and 7 of the Code of Professional Responsibility.

**1.** No requests for relief, formal or otherwise, were received from the debtor during the time she has been in default.

under 11 U.S.C. § 1307(c), which provides that

> [T]he court may ... dismiss a case ... for cause, including—
>
> ....
>
> (6) material default by the debtor with respect to a term of a confirmed plan....

The debtor objects to the motion to dismiss on the grounds that

1. The debtor is currently under a doctor's care for a cancer condition which has caused her to be unable to work.

2. The debtor requests an opportunity to amend her Plan to provide payment to creditors in accordance with her current income and expenses, necessitated by her incapacity.

Memorandum in Support of Objection to Trustee's Motion to Dismiss and for Permission to Release Funds.

 The trustee has established grounds for dismissal under 11 U.S.C. § 1307(c)(6), and counsel's belated request for an opportunity to amend the debtor's plan is without merit. If a modification of the debtor's plan was previously indicated, as is now represented by debtor's counsel, it was his obligation to request the same in a timely manner, pursuant to 11 U.S.C. § 1329. Mr. Raskin's failure to take any affirmative steps to seek modification of the plan, until faced with impending dismissal, is representative of a long standing pattern of conduct by debtor's counsel[2] which places an improper burden on the trustee, the Court and all others who deal with this particular counsel on a regular basis. The Code, we think, does not contemplate, and it certainly does not provide that the trustee should be required to move first against non-complying debtors, only to have debtor's counsel goaded into action which should already have been taken affirmatively.

**2.** This statement comes as no surprise to Mr. Raskin, who has been informed previously, either in court or in chambers (on the record, in most instances), that repeated actions and omissions on his part, similar to those here, were of continuing concern to the Court. *See, e.g., In re*

 We can safely say that Mr. Raskin handles more Chapter 13 cases than any other lawyer in Rhode Island. But the demands imposed by a large volume of cases and the pressures of business do not excuse him from meeting his obligations to his clients, or from performing up to the ordinary standards of attorneys practicing before this Court on a regular basis. To the contrary, Mr. Raskin's expertise and familiarity with Chapter 13 practice and procedure require that this Court, of which he is an officer, and his clients, receive competent and *timely* action [3]—not just responses to action taken in the wake of his own inaction or inattention.

 Accordingly, the debtor's belated request for leave to amend the plan is denied, and the case is dismissed as the result of a material default by the debtor (non-payment) with respect to a term of the confirmed plan. Further, the trustee is authorized to release the $56 on hand, to the debtor's employer.

*Belanger,* 60 B.R. 656 (Bankr.D.R.I.1986); *In re McGuire,* 60 B.R. 654 (Bankr.D.R.I.1986); *In re Kaspar,* 60 B.R. 658 (Bankr.D.R.I.1986).

**3.** *See* Canons 6 and 7 of the Code of Professional Responsibility.