**In re Nivea V. PEREZ MUJICA,**
**Debtor(s).**

**FirstBank Puerto Rico, Appellant(s),**

**v.**

**Nivea V. Perez Mujica, Appellee(s).**

Civil No. 12–1413 (DRD).
Bankruptcy No. 09–07655 (ESL).
Adversary No. 10–00024.

United States District Court,
D. Puerto Rico.

Signed March 31, 2014.

Juan L. Duquela Fuentes, Duquela & Zapata, LLP, San Juan, PR, for Appellant.

Rafael Moreno–Garcia, Moreno & Moreno Law Office, Trujillo Alto, PR, Rosana Moreno–Rodriguez, Moreno & Moreno Law Offices, LLC, San Juan, PR, for Appellee.

## OPINION AND ORDER

DANIEL R. DOMINGUEZ, District Judge.

Pending before the Court is a *Motion to Alter or Amend Judgment and for Reconsideration under Rule 59(e)* filed by creditor-appellant FirstBank Puerto Rico (hereinafter "FirstBank" or "Appellant"), Docket No. 23, from the Court's *Amended Opinion and Order Nunc Pro Tunc*, Docket No. 22. Debtor-appellee Nivea A. Pérez Mujica ("Pérez" or "Debtor") filed an *Opposition to Motion to Alter of Amend Judgment and for Reconsideration under Rule 59(e)*, Docket No. 26. For the reasons set forth below, the FirstBank's motion for reconsideration is denied.

### Introduction

Appellant FirstBank Puerto Rico ("FirstBank") filed the instant bankruptcy appeal on June 1, 2012 challenging the *Opinion and Order* and *Judgment* issued by the Hon. Enrique S. Lamoutte in Adversary Proceeding No. 10–0024(ESL), de-

nying FirstBank's secured status of the claim, as well as the reconsideration request. The instant bankruptcy appeal followed on June 1, 2012. The Court entered an *Opinion and Order* and *Judgment* on March 31, 2013, Docket entries No. 20 and 21. On April 9, 2013, an *Amended Opinion and Order* was entered with the sole purpose of adding footnote 10, *see* Docket No. 22. On May 6, 2013, FirstBank filed a *Motion to Alter or Amend Judgment and for Reconsideration under Rule 59(e)*, Docket No. 23 (hereinafter "motion for reconsideration"), which was duly opposed by debtor Pérez on June 24, 2013, Docket No. 26.

## Jurisdiction

This Court has jurisdiction to entertain bankruptcy appeals under 28 U.S.C. § 158(a)(1).

## Issue

The issue before the Court is whether FirstBank has a validly perfected lien at the time of the filing of debtor Pérez' bankruptcy petition and/or subject to be recorded post-petition under the exception provided by 11 U.S.C. § 362(b)(3).

## Factual and Procedural Background

Debtor Pérez filed for voluntary relief under Chapter 13 of the Bankruptcy Code on September 12, 2009, *see* Bankruptcy Case No. 09–07655(ESL). Debtor listed her 50% interest in a piece of property where debtor's residence is located under Schedule A--Real Property, as follows:

"½interest over residence located at Bo. Jiménez, Road 967 Km. 7.8, Río Grande, PR 00745. Description: 3 bedrooms, 2 bathrooms, living room, dining room & kitchen. Bought in 2004 at price of $130,000.00. Debtor has not been able to register her title. The previous owner, who sold the property to Debtor and Debtor's companion, were not able to register their own title. Thus, Debtor's

purchase deed was not registered in the registry due to problems with the 'tracto' or the sequence in title. This has affected the value of the property. Debtor has appraised the property in $90,000. Debtor's participation is half of this." [Docket No. 1 in lead Bankruptcy Case No. 09–07655(ESL) ].

On September 24, 2009, FirstBank filed a secured proof of claim, Claims Docket No. 4–1, in the amount of $145,192.83 of which $23,473.02 corresponds to arrearages and other charges. FirstBank included a copy of the mortgage note and the mortgage deed with its proof of claim. On February 10, 2010, debtor Pérez filed an adversary proceeding to challenge the secured status of FirstBank's claim on the following grounds: (a) "[t]he deed of purchase in which the previous owners, Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago, purchased this property [Ms. Pérez' real estate property], was not registered and the 'asiento de presentación' [presentation entry made at the Property Registry] lapsed. Consequently, debtor [Pérez] is not the registered title owner of the property and the mortgage deed between debtor and Pan American/FirstBank cannot gain access to the registry because of lack of 'tract' for this property. *See* Article 57 of Puerto Rico Mortgage Law, 30 L.P.R.A. § 2260;" and (b) "[a]t the time of the filing of the petition by debtor, the property was not encumbered by the mortgage deed in favor of FirstBank. The mortgage deed has not been recorded and accordingly, under applicable Puerto Rico Mortgage Law, First-Bank does not hold a secured lien. 30 L.P.R.A. § 2607." *See* Docket No. 1, page 19. *See also Amended Opinion and Order Nunc Pro Tunc*, Docket No. 22, page 5.

Debtor filed a motion for summary judgment on November 1, 2010, which was supplemented on November 5, 2010 to in-

clude "the title study of parcel # 1714, which is the original parcel from which lot # 13 (Debtor's real property) was to be segregated, dated October 29, 2010 (Docket No. 31 [Adv. Proc. No. 10–0024]." *See* Docket No. 22, page 5. FirstBank filed its opposition and cross-motion for summary judgment on December 1, 2010. *See* Docket No. 1, pages 19–20.

The Court summarized FirstBank's allegations, and incorporated the Uncontested Material Facts made by the bankruptcy court in its *Opinion and Order* of September 13, 2013, as well as the bankruptcy court's conclusions of law, which we incorporate herein for easy reference. *See* Docket No. 22, pages 5–9. As stated above, FirstBank moved for reconsideration on May 6, 2013, followed by the debtor's opposition on June 24, 2013. *See* Docket entries No. 23 and 26.

Debtor opposed FirstBank's reconsideration request on the following grounds: (a) "there is no lot # 13, as it has not been duly recorded in the Registry of Property; (b) Article 69.1 of the Puerto Rico Mortgage Law "does not operate on an expired/extinguished document;" (c) FirstBank has failed to show that it has a lien; (d) "FirstBank has not shown it has a lien over debtor's property based on the fact that FirstBank has not fixed the lack of successive tract in the chain of titleholders that affects its alleged Mortgage Deed ... FirstBank has not shown how it will fix the missing link in the chain of titleholders in the Property Registry." *See* Docket No. 26, pages 7–10.

### Applicable Law and Discussion

### The Motion for Reconsideration Standard

█ Depending on the time that a Motion for reconsideration is served, it is generally considered either under Rules 59 or 60 of the Federal Rules of Civil Proce-

dure ("Fed.R.Civ.P."), *Pérez–Pérez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir.1993). Fed.R.Civ.P. 59 and 60 are made applicable in bankruptcy through Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P."). In the instant case, the *Judgment* was entered on March 31, 2013, and the *Motion to Alter or Amend Judgment and for Reconsideration under Rule 59(e)* was filed on May 6, 2013, that is, 36 days after the entry of the *Judgment*. Pursuant to the provisions of Fed.R.Civ.P. 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Hence, the Court will review FirstBank's reconsideration request under Fed.R.Civ.P. 60(b).

█ It is settled that "[a] motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.' " *See Fábrica de Muebles J.J. Alvarez, Incorporado v. Inversiones Mendoza, Inc., et al.*, 682 F.3d 26, 31 (1st Cir.2012), citing *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir.1997) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)). *See also Marks 3—Zet—Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15–16 (1st Cir.2006). Thus, a motion for reconsideration **cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court.** (Emphasis ours). *Standard Química de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n. 4 (D.P.R.1999). In summation, "[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.' " *See Soto-Padró v. Public Buildings Authority, et*

*al.,* 675 F.3d 1, 11 (1st Cir.2012) (citations omitted). The Court should also reconsider whether it "patently misunderstood a party ... or has made an error not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC,* 521 F.3d 76, 82 (1st Cir.2008) (quoting *Sandoval Díaz v. Sandoval Orozco,* No. 01–1022, 2005 WL 1501672, at *2 (D.P.R. June 24, 2005) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990))). *See also Mulero–Abreu, et al. v. Puerto Rico Police Department, et al.,* 675 F.3d 88, 94–95 (1st Cir. 2012), authorizing reconsideration in cases of "manifest error of law."

■ The Federal Rules of Civil Procedure do not specifically provide rules for motion to reconsideration filing. *Sierra Club v. Tri–State Generation and Transmission Assoc., Inc.,* 173 F.R.D. 275, 287 (D.Col.1997); *Hatfield v. Board of County Commis. for Converse County,* 52 F.3d 858, 861 (10th Cir.1995). Nevertheless, under Fed.R.Civ.P. 59(e), any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment, if it seeks to change the order or judgment issued. *Id.* Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly.' " *Trabal Hernandez v. Sealand Services, Inc.,* 230 F.Supp.2d 258 (D.P.R. 2002); *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.,* 899 F.2d 119, 123 (1st Cir.1990). **"In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied."** (Emphasis ours). 11 Wright & Miller, *Federal Practice and Procedure* §§ 2810.1 (2d ed.) (2012).

■ Likewise, "relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly." *Daniels v. Agin,* 736 F.3d 70, 86 (1st Cir.2013), citing *Nansamba v. N. Shore Med. Ctr., Inc.,* 727 F.3d 33, 37 (1st Cir.2013) (quoting *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir.2002)).

■ "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D.Pa.1998). But, a district court may grant a party's motion for reconsideration when presented with one of these three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Rivera v. Meléndez* 290 F.R.D. 21, 23 (D.P.R.2013) (When "plaintiff's clear intention is to achieve yet another bite at the apple, and continue this litigation by ignoring and/or refusing this Court's ruling").[1] *See also Dodge v. Susquehanna University,* 796 F.Supp. 829, 830 (M.D.Pa.1992).

In *Dugdale, Inc. v. Alcatel–Lucent USA, Inc., et al.,* 2011 WL 3298504 (S.D.Indiana, August 11, 2011), the Court held:

> A motion to reconsider is appropriate where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant new facts have been discover-

---

**1.** In *Ruiz–Rivera v. Dow Lohnes, PLLC, et al.,* 290 F.R.D. 21, the Court dismissed the second reconsideration request with prejudice. On appeal, the United States for the First Circuit held that the dismissal with prejudice cannot be affirmed for the reasons set forth in the *Judgment* of January 8, 2014. The matter was "remanded for a judgment of dismissal *without* prejudice." (Emphasis on the original). Civil No. 10–2114(DRD), Docket No. 63.

ed. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). **A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments.** *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir.1996). (Emphasis ours).

■ After carefully reviewing Plaintiffs' *Motion for Reconsideration*, Docket No. 23, the Court infers that Plaintiffs' clear intention is to restate the arguments already resolved by the Court in the *Amended Opinion and Order Nunc Pro Tunc. See* Docket No. 22. The core of this case relies on whether or not FirstBank has a validly perfected lien prior to debtor's filing of her bankruptcy petition, or whether the lien can be perfected post-petition under the exception provided by 11 U.S.C. § 362(b)(3).

FirstBank alleges that this Court erred:

1. "[W]hen holding that FirstBank is precluded from curing the defect which prevented the reestablishment of tract."

FirstBank alleges that the Court erred when it concluded that "FirstBank was unable to show … that it has a lien subject to be perfected on two grounds: (a) FirstBank failed to cure the defect notified by the Property Registrar within the 60 days provided by Articles 52 and 69 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §§ 2255,[2] 2256,[3] and 2272[4] and (b) FirstBank failed to show that it is indeed the successor in interest of Pan American Financial Corporation." *See* Docket No. 23, page 2. As to this argument FirstBank argues "its mortgage deed was duly filed and was pending recordation at the time of the filing of the bankruptcy, without notification or expiration." *Id.* at page 3. FirstBank based its argument on the provisions of Article 69.1 of the Regu-

**2.** 30 L.P.R.A. § 2255 provides in its relevant part:

> The documents shall be registered within sixty (60) days following their presentation, or after correcting any errors that may have been indicated, or after filing the requalification writ, except for just cause that is duly justified and admitted by the Director. Within the same term the errors shall be notified and action shall be taken regarding the defective titles pursuant to § 2272 of this title.

**3.** 30 L.P.R.A. § 2256 provides in its relevant part:

> Registered titles shall become effective for third parties from the date of their registration. For all intent and purposes, the registration date, including the determination of the term needed for the cancellation of entries, must appear in the registration itself. In order to determine preference between two or more registrations of the same property, attention shall be given to the date, hour and presentation number of the respective titles in the Registry.

**4.** 30 L.P.R.A. § 2272 provides in its relevant part:

> If the Registrar finds a defect in the document, exclusively in accordance with § 2271 of this title, he/she shall notify the presenters and the authorizing notary, in writing, of his/her judgment, if it is so requested in the entry, within sixty (60) days of the date of said entry, either by hand delivery or by mail, or electronically, so that they may correct the defect within a period of sixty (60) days from the date of the notice. If more than one notice were made, the term shall start counting after the last one made to the notary.
>
> The notice must contain all the legal grounds on which the judgment is based. The notice shall be recorded with a dated notation in the presentation entry and at the bottom of the document being notified with the signature of the Registrar and, when this is done, it shall be valid.
>
> If the defect is not corrected before the expiration of the sixty (60)-day period, the Registrar shall make a note of the expiration in the presentation entry and at the bottom of the document.

lation of the Puerto Rico Mortgage Law.[5] FirstBank cites the language of Article 69.1 of the Regulation of the Puerto Rico Mortgage Law in an attempt to persuade the Court to reconsider its prior ruling in its *Amended Opinion and Order Nunc Pro Tunc*, Docket No. 22. However, FirstBank's argument is totally devoid of any supporting documents and/or applicable case law that will persuade the Court to rule against the provisions of 30 L.P.R.A. §§ 2255, 2256 and 2272.

Pursuant to the Uncontested Material Facts of the bankruptcy court's *Opinion and Order* of September 13, 2011, and incorporated by this Court in its *Amended Opinion and Order Nunc Pro Tunc*, Docket No. 22, pages 7–8, the bankruptcy court found:

1. Plaintiff is the co-owner of a residential real property built in a lot of 1,0265 "cuerdas," located in Barrio Zarzal, in the Municipality of Río Grande, Puerto Rico.

2. On June 14, 1993, deed # 21, was executed before Notary Public Salvador Pérez Mayol and presented before the Property Registry, Section III of Carolina on April 10, 1996. The purpose of the same was (a) to adjudicate property interest originating from a division of estate property amongst various heirs; (b) to segregate various lots from parcel # 1714, including lot # 13 which corresponds to Debtor's real property; and c) for the rectification of size of real properties. This deed was notified as defective on November 30, 2005 by the Property Registrar and the same expired uncorrected on January 31, 2006 (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

3. On March 20, 1999 deed # 9 was executed before Notary Public Sonia Ríos Rosario and presented before the Property Registry on March 25, 1999. Through this particular deed four (4) heirs (Milagros Feliciano Pinto, Mildred Feliciano Pinto, Eliezer Feliciano Pinto and Edwin Feliciano Pinto) sold each their 25% pro indiviso property interest in lot # 13 to Miguel Antonio Santiago Soto and Yadel Marie Aquino Santiago. This deed was notified on November 30, 2005 (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

4. On November 24, 2004 deed # 196 was executed before Public Notary Pedro Rivera Pérez, by which Miguel Santiago Soto and Yadel Marie Aquino Santiago sold lot # 13 to Debtor Nivea V. Pérez Mujica and Francisco Núñez Muñoz. This particular deed was presented before the Property Registry on August 23, 2006. **Said deed has not been notified by the Property Registry.**

5. On November 24, 2004, Debtor and Francisco Núñez Muñoz executed a mortgage note in the amount of $126,100.00 in favor of Pan American Financial Corporation (Docket No. 34, Exhibit II).

---

**5.** Article 69.1 of the Regulation of the Puerto Rico Mortgage Law provides:

When a title has been inscribed or annotated incorrectly in an entry subsequent to the corresponding one because the presentation was subsequent to the other also inscribed, the date of the presentation will determine the rank of each one, except when both are absolutely incompatible over the estate.

In the case of harmonious documents not filed in the order in which they must be recorded, it won't be necessary to withdraw the first; instead, the corresponding document will be recorded according to what the chain of titleholders provides.

6. On November 24, 2004, mortgage deed # 197 was executed between Debtor Nivea V. Pérez Mujica and Francisco Núñez Muñoz and Pan American Financial Corporation before Notary Public Pedro Rivera Pérez to guarantee payment of the mortgage note. **Said mortgage deed was presented before the Property Registry on August 23, 2006 and it has not been notified by the Property Registry** (Docket No. 34, Exhibit I, Copy of Title Study dated October 29, 2010 and Docket No. 29, Exhibit Title Study dated February 13, 2008).

7. FirstBank acquired the $126,100.00 mortgage note executed in favor of Pan American Financial Corporation and is currently Debtor's creditor as evidenced by the above-referenced mortgage note with endorsement [6] (Docket No. 34, Exhibit 4).

8. FirstBank filed a complaint against Debtor at the Court of First Instance, Río Grande Part, and obtained judgment against Debtor on May 13, 2009 (Docket No. 34, Exhibit 5–Copy of Judgment).

9. **The referenced mortgage deed had not been recorded at the time of the filing of Debtor's bankruptcy petition.** (Emphasis ours).

FirstBank bases its argument on the decision of *Soto–Ríos v. Banco Popular de Puerto Rico,* 662 F.3d 112 (1st Cir.2011). *Soto–Ríos,* however, is distinguishable from the instant case. For example, in *Soto–Ríos,* the debtors challenged the secured lien of Banco Popular de Puerto Rico ("Banco Popular"), and tried to avoid the bank's secured lien, on the ground that the three deeds presented by Banco Popular for recordation had not been recorded at the time of the filing of the bankruptcy petition. The bankruptcy court rejected the debtors' avoidance action based on the

exception provided by 11 U.S.C. § 362(b)(3). In *Soto–Ríos,* Banco Popular had presented the last mortgage deed for recording two years prior to the debtors' filing of the bankruptcy petition. 662 F.3d at 122. "**And the record is devoid of any suggestion that the documents were defective in any manner or that Banco Popular bears any responsibility for the lengthy delay.**" *Id.* (Emphasis ours). The United States Court of Appeals for the First Circuit ("First Circuit") affirmed the bankruptcy court's decision on the ground "that the debtors failed to establish the necessary elements of a preferential transfer." *Id.*

*Soto–Ríos* is also distinguishable from the instant case, as Banco Popular had presented the three mortgage deeds more than two years prior to the debtors' bankruptcy, while in the instant case, First-Bank's mortgage deed has not been presented for recordation at the time of debtor's bankruptcy. And we add that it will be unlikely that the same will be recorded, as debtor's lot number 13, the collateral that guarantees FirstBank's mortgage note did not exist at the time of the execution of the mortgage note. Simply because the Deed No. 21 of June 14, 1993, which would have legally segregated parcel number 1714 in several lots, including lot number 13, was never recorded. "**This deed was notified as defective on November 30, 2005 by the Property Registrar and the same expired uncorrected on January 31, 2006.**" *See* **Docket No. 22, page 7, Uncontested Material Fact ¶ 2.** (Emphasis ours).

As of this date, FirstBank has failed to present new evidence to show that the entries in the Property Registry has been corrected; that the successive chain of ti-

---

**6.** The Court wishes to clarify that the word "indorsement" is also spelled "endorsement."

*See Black's Law Dictionary,* Eighth Edition, page 789.

tles ("tracto") has now been established; that lot number 13 is now duly recorded, and that FirstBank's mortgage note has been recorded. Until these conditions are met, FirstBank is unable to show that it has a validly perfected lien subject to be recorded under the exception of 11 U.S.C. § 362(b)(3).[7]

2. "[W]hen holding that FirstBank failed to show that it is the successor in interest of Pan American Financial Corporation."

FirstBank's argument fails to persuade the Court to reconsiders its ruling as FirstBank has failed to show new evidence to amend the finding made by this Court. Moreover, the Court finds that First-Bank's argument is merely a rehash of its prior arguments. In sum, FirstBank has failed to show that (a) it is a successor in interest of Pan American Financial Corpo-

ration; and (b) whether Pan American/FirstBank have a validly perfected lien on the "non-existing" lot number 13. Until FirstBank proves otherwise, it only has an interest in property on lot number 13.

3. "[W]hen holding that FirstBank does not meet the three requirements under Section 362(b)(3)."

As of this date, FirstBank has failed to show that it has a validly perfected lien subject to be recorded post-petition as an exception of 11 U.S.C. § 362(b)(3). *See infra.* In the instant case, FirstBank has failed to show that it has "an act to perfect" that "under the circumstances in which the perfection-authorizing statute fits within the contours of section 546." The only element of Section 362(b)(3) that FirstBank has met is that it has "an interest in property." As stated above, the record on appeal is devoid of any new

**7.** 11 U.S.C. § 362(b)(3) provides in its relevant part:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
> . . .
> (3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title; . . .
> When considering the exception of 11 U.S.C § 362(b)(3), the Court shall determine whether the following requirements are met, and this section limits the applicability of the automatic stay, to wit:
> [S]ection 362(b)(3) provides that the stay does not extend to "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of [the

Bankruptcy Code] . . ." Application of this exception to the stay depends upon the existence of three conditions: "there must be (1) an 'act to perfect' (2) *'an interest in property'* (3) under the circumstances in which the perfection-authorizing statute fits within the contours of *section 546(b)."* 229 *Main St.,* 262 F.3d at 4 (emphasis added).
> . . .
> For a creditor to enjoy this haven, "(1) the creditor must act pursuant to a law of general applicability; (2) the law must allow the creditor to perfect *an interest in property;* and (3) such perfection must be effective against previously acquired rights in the property." *In re 229 Main Street Ltd. Partnership,* 262 F.3d 1, 10 (1st Cir.2001) (emphasis added). The gist of this exception "is that the filing of a bankruptcy petition does not prevent the holder of an interest in property from perfecting its interest if, absent the bankruptcy filing, the interest holder could have perfected its interest against an entity acquiring rights in the property before the date of perfection." *Id.* at 12 (quotations omitted).
> *Soto–Ríos,* 662 F.3d at 116.
> *See Amended Opinion and Order Nunc Pro Tunc,* Docket No. 22, pages 11–14.

evidence that may warrant that the reconsideration be granted. FirstBank based its argument on the language of Article 69.1 of the Regulation of the Puerto Rico Mortgage Law is clear, as it refers to documents that may be inscribed or recorded, even when the "documents [are] not presented in the order that they should be inscribed." In the instant case, the document presented by FirstBank cannot be inscribed or recorded until lot number 13 is duly recorded in the Property Registry. As of this date, FirstBank does not have a validly perfected lien. FirstBank only has an interest in property which is not synonymous of a lien under Puerto Rico law. Hence, the document presented by FirstBank does not meet the elements of 11 U.S.C. § 362(b)(3) to perfect a lien post-petition.

In the instant case, FirstBank's Motion for Reconsideration fails to achieve propinquity as to any of the valid grounds for relief of a Rule 60(b) motion or even under Rule 59(e). *Soto–Padró*, 675 F.3d at page 11. Basically, Plaintiffs do not bring to our attention any intervening change in law; does not introduce new evidence, and does not point out a clear legal error in our prior *Amended Opinion and Order Nunc Pro Tunc*, Docket No. 22, subject to correction.

### Conclusion

In view of the foregoing, FirstBank's *Motion to Alter or Amend Judgment and for Reconsideration under Rule 59(e)*, Docket No. 23, is denied.

Hence, the instant appeal is dismissed, and the decision of the bankruptcy court is affirmed.

Judgment will be entered accordingly.

IT IS SO ORDERED.

