Mary E. **WITKOWSKI**, Debtor.

Mary E. **Witkowski**, Appellant,

v.

John **Boyajian**, Chapter 13 Trustee, and Kevin **Knight**, Appellees.

BAP No. RI 14–040
Bankruptcy No. 14–10149–DF.

United States Bankruptcy Appellate Panel for the First Circuit.

Nov. 13, 2014.

---

302

Mary E. Witkowski, Coventry, RI, pro se, on brief for Appellant.

John Boyajian, Esq., Providence, RI, on brief for Appellee, John Boyajian, Chapter 13 Trustee.

Before TESTER, GODOY, and HARWOOD, United States Bankruptcy Appellate Panel Judges.

GODOY, Bankruptcy Appellate Panel Judge.

Mary E. Witkowski (the "Debtor") appeals from the bankruptcy court's orders

dismissing her chapter 13 case and denying her motion for reconsideration.[1] For the reasons discussed below, we **AFFIRM** the orders.

## BACKGROUND

The Debtor filed a pro se, skeletal petition for chapter 13 relief on January 28, 2014.[2] On the same date, the bankruptcy court issued an order instructing the Debtor to file her missing documents by February 11, 2014, and issued a notice scheduling her § 341 [3] meeting of creditors for March 7, 2014.

The Debtor timely filed her missing documents, including her chapter 13 plan of reorganization (the "Plan"), in which she proposed to make monthly payments of $1,410.38 for a period of thirty-six months. On March 7, 2014, the day of the § 341 meeting of creditors, the Debtor filed a Motion to Continue Meeting of Creditors, asserting that she needed additional time to gather documentation and hire an attorney. The bankruptcy court issued a notice on the same date, informing the Debtor that the court does not act on such requests. John Boyajian, the chapter 13 trustee (the "Trustee"), convened the § 341 meeting of creditors as scheduled, and the Debtor failed to appear.

On March 24, 2014, the Trustee filed a Motion to Dismiss the Debtor's chapter 13 case. Although the Trustee did not identify the statutory authority upon which he

---

1. Although the Debtor identified only the reconsideration order in her Notice of Appeal, we nonetheless conclude that this appeal embraces both orders. *See* Discussion, *infra*, at 304–05.

2. The record reflects that this bankruptcy case was the Debtor's second chapter 13 filing in a twelve-month period, her first case having been dismissed due to her failure to comply with a court order and to file missing documents. The record further reveals that

the Debtor's husband, Dennis Witkowski, was also a repeat filer, having filed two chapter 13 petitions in 2013 which were similarly dismissed.

3. Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* All references to "Bankruptcy Rule" or "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.

relied, he cited the Debtor's failure to appear at the § 341 meeting of creditors as the sole ground for dismissal. Noting the history of prior filings by the Debtor and her husband (collectively the "Witkowskis"), the Trustee asked the court hold a hearing to consider the imposition of a "360–day bar to refiling except with the prior approval of the court."

The Debtor filed an objection to the Motion to Dismiss, arguing that she had requested a continuance of the March 7, 2014 creditors' meeting, and explaining that she and her husband filed the prior bankruptcy cases based on the advice of counsel.

The bankruptcy court conducted a hearing on the Motion to Dismiss on April 16, 2014, at which the Debtor appeared pro se.[4] During the hearing, the Trustee again complained that the Debtor failed to attend her § 341 meeting of creditors, and asserted that the court could "draw certain inferences" from the Witkowskis' pattern of bankruptcy filings. The Trustee asked the court to bar the Debtor from refiling without prior court approval.

Thereafter, the court inquired of the Debtor: "Why were your cases dismissed?" The Debtor responded: "We went on what our attorney was telling us[.]" After rejecting this excuse, the court next asked the Debtor: "Why didn't you show up at the [§ ] 341 meeting?" The Debtor answered: "[W]e were having problems with ... our car." While the Trustee could neither confirm nor deny he had received a telephonic request for a continuance of the § 341 meeting of creditors by or on behalf of the Debtor, he explained that in the case of repeat filers,

he generally requires attendance regardless of whether papers are filed.

When the bankruptcy court asked the Debtor if she had made any Plan payments to the Trustee, the Debtor ambiguously responded, "It never went through." She also contended that she had not received the Trustee's letter informing her that she was required to commence Plan payments within thirty days of filing the case. During the course of the hearing, the Debtor subsequently conceded that she had not made any payments:

> THE COURT: This statute says once you file a plan, thirty days later you have to commence your payments. The trustee told you that and you have not made one payment have you?
>
> MS. WITKOWSKI: I guess not.
>
> THE COURT: Okay. Why not?
>
> MS. WITKOWSKI: I don't know.

The record reflects that after considering the Debtor's failure to attend the § 341 meeting, her failure to commence Plan payments, and her inability to adequately explain these failures, the bankruptcy court decided to dismiss her case. The court declined, however, to bar the Debtor from refiling. On April 16, 2014, the bankruptcy court entered an order granting the Motion to Dismiss (the "Dismissal Order") which was silent as to the statutory basis for dismissal.

On April 30, 2014, without citing any legal authority, the Debtor filed a Motion to Vacate Dismissal Order (the "Reconsideration Motion"), arguing simply that she had requested a continuance of the § 341 meeting "due to transportation issues." The Trustee filed an objection to the Re-

---

**4.** At the April 16, 2014 hearing, the court also considered the Debtor's motion seeking the imposition of sanctions against secured creditor, Kevin Knight, for his alleged violation of the automatic stay. The court's denial of that

motion is the subject of another appeal pending before the Panel. *Witkowski v. Knight (In re Witkowski)*, BAP No. RI 14–034 (B.A.P. 1st Cir. filed April 30, 2014).

consideration Motion, asserting the Debtor had failed to offer any legitimate reason to vacate the Dismissal Order.[5]

On May 13, 2014, the bankruptcy court entered an order denying the Reconsideration Motion (the "Reconsideration Order"), concluding that the Debtor had "not shown sufficient cause to vacate" the Dismissal Order. The court observed that the Debtor's justification for reconsideration—namely, her transportation problem—was "the very same excuse" which she ·proffered at the hearing on the Motion to Dismiss. The court elaborated:

> After considering the various excuses offered by the Debtor regarding her failure to satisfy her duties as a Chapter 13 debtor, I found her explanations inconsistent and lacking credibility. The objections to the Debtor's Motion to Vacate filed by both the Trustee and the secured creditor Kevin Knight, who seems to have borne the brunt of the repeated petition filings by the Debtor and her husband, are well-founded. The Debtor has set forth nothing in her Motion to Vacate that convinces me otherwise.

The Debtor timely filed a Notice of Appeal in which she listed only the Reconsideration Order. In her Statement of Issues and her Brief, she primarily addressed the circumstances surrounding her absence at the § 341 meeting of creditors. On the other hand, the Trustee addressed, albeit vaguely, both the Dismissal Order and the Reconsideration Order in his Brief, arguing that the Debtor "demonstrated no rea-

son why the Judge's decisions were incorrect."

### *JURISDICTION*

Before addressing the merits of an appeal, we must determine that the Panel has jurisdiction, even if the issue is not raised by the litigants. *Boylan v. George E. Bumpus, Jr. Constr. Co. (In re George E. Bumpus, Jr. Constr. Co.)*, 226 B.R. 724, 725–26 (1st Cir. BAP 1998) (quoting *Fleet Data Processing Corp. v. Branch (In re Bank of New Eng. Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998)). We have jurisdiction to hear appeals from final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1).

■ To determine our jurisdiction, we must first decide if both the Reconsideration Order and the Dismissal Order are properly before the Panel.[6] In her Notice of Appeal, the Debtor listed only the Reconsideration Order, while in her Statement of Issues and her Brief, the Debtor recounts the circumstances surrounding her failure to attend the § 341 meeting. It appears from an examination of the Trustee's Brief that he regarded this appeal as encompassing both orders. Because the issues in both orders are inextricably intertwined, and the Trustee did not object to the Panel's examination of both orders, the Notice of Appeal does not present a jurisdictional bar to our consideration of the two orders. *See St. Peter v. Hutchings (In re Hutchings)*, No. MW 10–078, 2011 WL 4572017, at *2 (1st Cir. BAP May 25, 2011) (where Panel considered dismissal order and denial of reconsidera-

---

**5.** Kevin Knight similarly objected to the Reconsideration Motion, although he has not participated in this appeal.

**6.** Fed. R.App. P. 3(c)(1)(B) states that the "notice of appeal must [ ] designate the judgment, order, or part thereof being appealed." While this rule's "dictates are jurisdictional in

nature," *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), the First Circuit has noted that the requirements are "liberally construed." *Spookyworld, Inc. v. Town of Berlin (In re Spookyworld, Inc.)*, 346 F.3d 1, 6 (1st Cir.2003) (citation omitted).

tion, reasoning appellee "would not likely be prejudiced") (citing *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 112 (1st Cir.2007)).

 An "order dismissing a chapter 13 case is a final, appealable order." *Pellegrino v. Boyajian (In re Pellegrino)*, 423 B.R. 586, 589 (1st Cir. BAP 2010) (citing *Howard v. Lexington Invs., Inc. (In re Howard)*, 284 F.3d 320 (1st Cir.2002)). An "order denying reconsideration is final if the underlying order is final and together the orders end the litigation on the merits." *United States v. Monahan (In re Monahan)*, 497 B.R. 642, 646 (1st Cir. BAP 2013) (citation omitted). Because the Dismissal Order and Reconsideration Order each meet the test for a final order, we have jurisdiction over the appeal of both orders.

### STANDARD OF REVIEW

 We review a bankruptcy court's decision to dismiss a chapter 13 case for abuse of discretion. *Howard v. Lexington Invs., Inc.*, 284 F.3d at 322 (citations omitted). Likewise, a decision to grant or deny a motion for reconsideration is reviewed for abuse of discretion. *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir.2008) (citations omitted); *see also In re Hutchings*, 2011 WL 4572017, at *2 (citation omitted). "An abuse of discretion occurs when the trial court ignores a material factor deserving significant weight, relies upon an improper factor, or assesses all proper and no improper factors, but makes a serious mistake in weighing them." *Bellas Pavers, LLC v. Stewart (In re Stewart)*, No. MB 12–017, 2012 WL 5189048, at *5 (1st Cir. BAP Oct. 18, 2012) (citation omitted).

### DISCUSSION

**I. The Dismissal Order**

 The bankruptcy court indicated at the April 16, 2014 hearing that two grounds for its decision were the Debtor's failure to make any Plan payments and her failure to attend the § 341 meeting of creditors.

Section 1307, which governs the conversion or dismissal of a chapter 13 case, specifically addresses the failure to make plan payments. That statute provides, in pertinent part:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> . . .
>
> (4) failure to commence making timely payments under section 1326 of this title[.]

11 U.S.C. § 1307(c)(4). Section 1326(a)(1), in turn, provides: "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . ." 11 U.S.C. § 1326(a)(1). Although the bankruptcy court did not identify § 1326(a)(1)(A) or § 1307(c)(4) as the statutory basis for dismissal during the April 16, 2014 hearing or in the Dismissal Order, we can discern that the court was referring to those provisions when it stated: "This statute says once you file a plan, thirty days later you have to commence your payments."

Bankruptcy courts within this circuit have long held that a debtor's failure to make payments to the chapter 13 trustee as required by § 1326, "by itself, is

grounds for dismissal." *In re Jones,* 174 B.R. 8, 12 (Bankr.D.N.H.1994); *see also In re Kaspar,* 60 B.R. 658, 659–60 (Bankr. D.R.I.1986) (holding that debtor's breach of his obligation to make payments to the trustee under his proposed plan, without good cause, "independently [ ] constitutes grounds for dismissal"). Courts beyond this circuit agree. *See, e.g., Zapata v. United States Tr. (In re Zapata),* BAP No. CC–11–1184–PaKiNo, 2012 WL 4466283, at *5 (9th Cir. BAP Sept. 28, 2012) (citations omitted); *In re Ontiveros,* No. 12–12457 TA, 2014 WL 347726, at *2 (Bankr. D.N.M. Jan. 31, 2014) ("Unsurprisingly, failing to make plan payments before confirmation has been held to constitute cause to dismiss or convert a Chapter 13 case.") (citing *In re Barbel,* 183 Fed.Appx. 227, 229 (3d Cir.2006); *In re Izen,* No. 12–31020–H3–13, 2012 WL 2994497 (Bankr. S.D.Tex. July 20, 2012)); *In re Skinner,* No. 08–62335–aer13, 2008 WL 2695650, at *5 (Bankr.D.Or. July 8, 2008). Indeed, one circuit court addressing a debtor's failure to commence payments under § 1326

held that even a ten-day delay in making the first payment, without an adequate explanation, constituted grounds for dismissal of a chapter 13 case. *In re McDonald,* 118 F.3d 568, 570 (7th Cir.1997).

In this case, the Debtor conceded that she never commenced making payments pursuant to the Plan as required by § 1326(a)(1) and, given the opportunity to address this failure during the April 16, 2014 hearing, she offered no satisfactory excuse for her omission. Furthermore, the record reflects that the Debtor never requested an extension of time for the commencement of Plan payments. It is clear from the above-cited authority that the Debtor's failure to satisfy the requirements of § 1326(a)(1), standing alone, is a sufficient ground for dismissal of her chapter 13 case.[7]

When we consider the Debtor's failure to comply with § 1326(a) together with her undisputed and unexcused failure to attend the § 341 meeting,[8] there is more than

7. Although we are mindful that the bankruptcy court raised the status of the Debtor's Plan payments sua sponte, this does not alter our analysis. *See In re Ortiz,* 200 B.R. 485, 488 (D.P.R.1996) (explaining that "[u]nder the circumstances presented in a bankruptcy, due process does not require informing the debtor of all the possible ramifications of a dismissal hearing") (quoting *In re Petro,* 18 B.R. 566, 569 (Bankr.E.D.Pa.1982) (footnote omitted)). Moreover, as the Debtor never raised this issue in the proceedings below, it is waived on appeal. *See Fish Mkt. Nominee Corp. v. Pelofsky,* 72 F.3d 4, 6 (1st Cir.1995) (noting that arguments not raised in bankruptcy court are waived on appeal) (citation omitted).

8. The requirement for a creditors' meeting is set forth in § 341(a), which provides that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). Section 343 mandates the debtor's appearance at the creditors' meeting. *See* 11 U.S.C. § 343 (providing that the debtor "shall ap-

pear and submit to examination under oath at the meeting of creditors under section 341(a)"). Some courts have ruled that the failure to attend the § 341 meeting of creditors constitutes "cause" for dismissal. *See, e.g., Dunn v. Rund (In re Dunn),* No. CC–09–1176–MkMoPa, 2010 WL 6451888, at *5 (9th Cir. BAP Feb. 4, 2010) (stating a debtor's "failure to attend both the initial § 341(a) meeting and a continuance thereof constitutes cause under § 707(a)"); *Dinova v. Harris (In re Dinova),* 212 B.R. 437, 444 (2d Cir. BAP 1997) (stating, in the context of § 707(a), that a "debtor's failure to attend one or more 341 meetings may or may not constitute 'cause' for dismissal depending on the circumstances"). Furthermore, Rule 1017–2(a)(6) of the Local Rules for the United States Bankruptcy Court for the District of Rhode Island provides that "the term 'want of prosecution' shall include ... failure of the debtor(s) to appear at the initial Section 341 meeting, or any continued meeting[.]" We need not address whether the Debtor's absence at the § 341 meeting, by itself, is sufficient ground

ample support for the Dismissal Order. Indeed, the Debtor's failure to attend the § 341 meeting of creditors appears to be a "part of an evidentiary tapestry illustrating that [she was] enjoying the benefits and protections of the bankruptcy laws while not actively reorganizing or providing creditors with needed information." *In re Chandler,* 89 B.R. 1002, 1004–05 (N.D.Ga.1988). Appellate courts have easily affirmed the dismissal of chapter 13 cases where, as here, the debtor failed not only to commence plan payments, but also to attend the § 341 meeting. *See, e.g., In re Zapata,* 2012 WL 4466283, at *5; *In re Maali,* 452 B.R. 325, 328 (D.Mass.2010) (ruling that "dismissal [wa]s justified on each of the three grounds cited," where debtor failed to attend § 341 meeting, to comply with § 1326, and to achieve confirmation).

Because the Debtor's failure to make Plan payments—viewed independently or in combination with her failure to attend the § 341 meeting of creditors—easily justifies the dismissal of her chapter 13 case, the bankruptcy court did not abuse its discretion when it entered the Dismissal Order.

## II. The Reconsideration Order

The Federal Rules of Civil Procedure do not specifically provide for motions to reconsider. *FirstBank P.R. v. Pérez Mujica (In re Pérez Mujica),* 508 B.R. 805, 809 (D.P.R.2014) (citations omitted). Nevertheless, "[d]epending on the time that a [m]otion for reconsideration is served, it is generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure ('Fed. R. Civ.P.')," made applicable in

bankruptcy through Bankruptcy Rules 9023 and 9024. *In re Pérez Mujica,* 508 B.R. at 808 (citing *Perez–Perez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 284 (1st Cir.1993)). Pursuant to Bankruptcy Rule 9023, a "motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment." Fed. R. Bankr.P. 9023.[9]

In the instant case, the Debtor never specified the rule upon which she relied. However, because the Debtor filed the Reconsideration Motion on April 30, 2014, fourteen days after the Dismissal Order, the Reconsideration Motion is properly treated as one brought under Bankruptcy Rule 9023 and Fed.R.Civ.P. 59(e). *See Rodriguez v. Banco Popular de P.R. (In re Rodriguez),* 516 B.R. 177, 184 (1st Cir. BAP 2014); *Aja v. Fitzgerald (In re Aja),* 441 B.R. 173, 177 (1st Cir. BAP 2011); *In re Xavier,* No. 12–18568–JNF, 2014 WL 1806888, at *3–4 (Bankr.D.Mass. May 7, 2014) (citation omitted).

■■■■ "[A] motion for reconsideration brought under Fed.R.Civ.P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact." *Banco Bilbao Vizcaya Argentaria P.R. v. Santiago Vázquez (In re Santiago Vázquez),* 471 B.R. 752, 760 (1st Cir. BAP 2012) (citing *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997)). A "party cannot use a Rule 59(e) motion to rehash arguments previously rejected." *In re Pérez Mujica,* 508 B.R. at 808 (citations omitted). "Reconsideration of a judgment under Rule 59(e) is an extraordinary remedy, which is used sparingly and only when the need for

---

for dismissal, as we are not confronted with that issue.

**9.** In contrast, Fed.R.Civ.P. 60 requires that a motion for relief from a judgment or order "must be made within a reasonable time—

and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1).

308

justice outweighs the interests set forth by a final judgment." *Garcia Matos v. Oliveras Rivera (In re Garcia Matos)*, 478 B.R. 506, 516 (1st Cir. BAP 2012) (citation omitted).

 Here, the Reconsideration Motion contains nothing new. It is a bare bones motion, devoid of factual or legal support. Moreover, the Debtor failed to allege or establish any manifest error of law or fact, or any newly discovered evidence, which would merit the extraordinary remedy of reconsideration. Therefore, the bankruptcy court did not abuse its discretion in denying the Reconsideration Motion.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the Dismissal Order and the Reconsideration Order.